# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND    DIVISION

PRO SE

_____

JAMES CHARLES FUDGE # 7994245
*(Enter full name of plaintiff(s))*

Plaintiff(s),

v.

BRET BENNETT; NANCY ARMSTRONG; JEREMY BEAUMONT; K. MCNULTY; J. SCOTT; B. BROOKS; C. BUTTRAM; C. NEAL; L. COHE; J. RODRIQUEZ; A. JOHNSON; J. LLOYD; G. DURHAM; J. OLIVE; D. HANDSEN; F. RANGEL; W. KING; P. LETTUNICH; J. TAYLOR; C. HUSTON; C. MOOTHART; J. CARJAL; C. FORD; JOHN DOE(S); JANE DOE(S) "SEE ATTACHED )).

*(Enter full name of ALL defendant(s))*

Defendant(s), SUED IN THEIR INDIVIDUAL CAPACITY, )).

Civil Case No. 2:19-cv-1102-SB

*(to be assigned by Clerk of the Court)*

PRISONER CIVIL RIGHTS COMPLAINT
DEMAND FOR JURY TRIAL

## I.

A.  Have you brought any other action or appeal in a court of the United States while a prisoner?

Yes ☑        No ☐

B.  If your answer to A is yes, how many? UNKNOWN  Describe the lawsuit(s) in the space below. *(If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)*

1.  Parties to the previous lawsuit:  (SEE ATTACHMENT(S)).

   Plaintiff(s):  JAMES CHARLES FUDGE / JAMES C. FUDGE; AN INCARCERATED/CONFINED PERSON AT ALL RELEVANT TIME TO THIS ACTION,

Defendant(s): PUBLIC SAFETY PROFESSIONAL OFFICER (S)

DAVID RUBEY - CHRIS FARRELL

2. Court: UNITED STATES DISTRICT COURT

3. Docket Number: OO - 971 - HU

4. Name of judge to whom case was assigned: OWEN M. PANNER

5. Disposition (Was the case dismissed? Was it appealed? Is it still pending?)

DISMISSED WITHOUT PREJUDICE

6. Approximate date of filing: 10 / 11 / 2000

7. Approximate date of disposition: 10 / 16 / 2000

## II.

A. Place of confinement: 777 STANTON BLVD, ONTARIO, OREGON 97914

B. Is there a prisoner grievance procedure in this institution?

Yes ☑         No ☐

C. Have you filed a grievance concerning the facts relating to this complaint?

Yes ☑         No ☐

If your answer is no, explain why not:

PREVENTION AND THWART BY PRISON GRIEVANCE COORDI-
NATOR MR. JAMES TAYLOR OF (SRCI) 777 STANTON
BLVD, ONTARIO, OREGON 97914

D. Is the grievance process completed?

Yes ☑   AND   No ☑ DENIED, BROUGHT TO A DEAD END.
                        BY PRISON OFFICIAL / DEFENDANT.

III.(a)PARTIES

*(In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)*

A.    Name of plaintiff: JAMES CHARLES FUDGE # 7994245 - STATE PRISONER

Security Identification No.: (THEN) 777 STANTON BLVD, ONTARIO, ORE 97914 (SRCI)

Address: 82911 BEACH ACCESS ROAD (TRCI) / CURRENTLY
( NOW) UMATILLA, OREGON 97 882 , A INMATE AT ALL RELEVANT TIMES.

*(In item B, place the full name of each defendant, his/her official position, and his/her place of employment.)*

B.    Defendant BRET BENNETT, SGT. is employed as CORR/OFFICER - Sgt.

at (ODOC) (SRCI) 777 STANTON BLVD ONTARIO, OREGON 97914
ODOC/OFFICER AT ALL RELEVANT TIMES MENTIONED, ACTING UNDER COLOR OF STATE LAW.

Defendant NANCY ARMSTRONG is employed as CORR/OFFICER - CLP.

at (ODOC) (SRCI) 777 STANTON BLVD ONTARIO, OREGON 97914
ODOC/OFFICER AT ALL RELEVANT TIMES MENTIONED, ACTING UNDER COLOR OF STATE LAW.

Defendant JEREMY BEAUMONT is employed as CORR/OFFICER - Lt.

at (ODOC) (SRCI) 777 STANTON BLVD ONTARIO, OREGON 97914
ODOC/OFFICER AT ALL RELEVANT TIMES MENTIONED, ACTING UNDER COLOR OF STATE LAW.

Defendant W. KING ; C. BUTTRAM is employed as CORR/OFFICER - Lt.

at (ODOC) (SRCI) 777 STANTON BLVD ONTARIO, OREGON 97914
ODOC/OFFICERS AT ALL RELEVANT TIMES MENTIONED, ACTING UNDER COLOR OF STATE LAW.

Defendant B. BROOKS ; L. CONE is employed as CORR/OFFICER - CLP.

at (ODOC) (SRCI) 777 STANTON BLVD ONTARIO, OREGON 97914
ODOC/OFFICERS AT ALL RELEVANT TIMES MENTIONED, ACTING UNDER COLOR OF STATE LAW.

Additional defendants: J. RODRIQUES ; K. MCNULTY ; G. DURHAM ; J. OLIVE ; J. LLOYD ;
D. HANDSEN ; F. RANGEL ; P. LETTUNICH ; C. MOOTHART ; C. NEAL ; J. TAYLOR ;
C. HUSTON ; A. JOHNSON ; C. FORD ; J. CARTAL ; J. SCOTT ; JANE DOE(S) ; JOHN DOE(S) ;
CORRECTIONAL OFFICER (S) @ SRCI 777 STANTON BLVD ONTARIO, ORE
97914 ; SEE ATTACHMENT, III.(b) PARTIES
ODOC/OFFICER(S) AT ALL RELEVANT TIMES MENTIONED, ACTING UNDER COLOR OF STATE LAW.

## III.(b) PARTIES

PLAINTIFF:

JAMES CHARLES FUDGE, SID.#7994245 IS PRESENTLY A INMATE CONFINED/IN-CARCERATED IN THE CUSTODY OF THE OREGON DEPARTMEN OF CORRECTIONS AT ALL TIMES RELEVANT TO THIS CIVIL ACTION, PLAINTIFF WAS HOUSED/ASSIGNED TO (SRCI OF ODOC)AT 777 STANTON BLVD, ONTARIO, ORE 97914 IN ALL MATTERS RELATED TO THIS COMPLAINT, NOW RESIDES AT (TRCI OF ODOC) AT 82911 BEACH ACCESS RD, UMATILLA, OREGON 97882.

DEFENDANT:

BRET BENNETT, IS/WAS SECURITY SERGEANT AT (SRCI OF ODOC) AT ALL RELEVANT TIMES TO THIS ACTION/EMPLOYEED AS A PROBLEM-SOLVER UNDER COLOR OF STATE LAW AT 777 STANTON BLVD, ONTARIO, OREGON 97914 INSIDE MALHEUR COUNTY, OREGON, IS SUED IN HIS INDIVIDUAL CAPACITY SEVERALLY, AND JOINTLY LIABLE.

DEFENDANT:

NANCY ARMSTRONG, IS/WAS SECURITY CORRECTIONAL OFFICER AT (SRCI OF ODOC) AT 777 STANTON BLVD, ONTARIO, OREGON 97914. INSIDE MALHEUR COUNTY, OREGON AT ALL TIMES RELEVANT TO THIS ACTION, EMPLOYEED AS A PROBLEM-SOLVER UNDER COLOR OF STATE LAW. IS SUED IN HER INDIVIDUAL CAPACITY BOTH JOINTLY AND SEVERALLY LIABLE,

DEFENDANT:

B. BROOKS (female staff), IS/WAS SECURITY CORRECTIONAL CORPRAL AT (SRCI OF ODOC) AT 777 STANTON BLVD, ONTARIO, OREGON 97914. INSIDE MALHEUR COUNTY, OREGON AT ALL RELEVANT TIMES TO THIS ACTION, EMPLOYEED AS A PROBLEM-SOLVER UNDER COLOR OF STATE LAW. IS SUED IN HER INDIVIDUAL CAPACITY BOTH JOINTLY AND SEVERALLY LIABLE.

DEFENDANT:

C. BUTTRAM (FEMALE STAFF), IS/WAS SECURITY SERGEANT AT (SRCI OF ODOC) AT ALL RELEVANT TIMES TO THIS ACTION, EMPLOYEED AS A PROBLEM-SOLVER UNDER COLOR OF STATE LAW. IS SUED IN HER INDIVIDUAL CAPACITY BOTH JOINTLY AND SEVERALLY LIABLE, AT 777 STANTON BLVD, ONTARIO, ORE 97914. IN SIDE MALHEUR, COUNTY, OREGON 97914.

DEFENDANT:

L. CONE (FEMALE STAFF), IS/WAS SECURITY CORRECTIONAL CORPRAL AT (SRCI OF ODOC) AT 777 STANTON BLVD, ONTARIO, OREGON 97914. INSIDE MALHEUR COUNTY, OREGON AT ALL RELEVANT TIMES TO THIS ACTION/EMPLOYEED AS A PROBLEM-SOLVER UNDER COLOR OF STATE LAW. IS SUED IN HER INDIVIDUAL CAPACITY BOTH JOINTLY AND SEVERALLY LIABLE.

DEFENDANT:

JEREMY BEAUMONT, IS/WAS SECURITY LIEUTINANT AT (SRCI OF ODOC)AT 777 STANTON BLVD, ONTARIO, ORE 97914. INSIDE MALHEUR, COUNTY, OREGON AT ALL RELEVANT TIMES TO THIS ACTION/EMPLOYEED AS A SUPERVISOR PROBLEM-SOLVER UNDER COLOR OF STATELAW, IS SUED IN HIS INDIVIDUAL CAPACITY BOTH JOINTLY AND SEVERALLY LIABLE.

DEFENDANT:

W. KING, IS/WAS SECURITY-IMU/DSU LIEUTINANT AT (SRCI OF ODOC)AT 777 STANTON BLVD. ONTARIO, ORE.97914. INSIDE MALHEUR COUNTY, OREGON AT ALL RELEVANT TIMES TO THIS ACTION/EMPLOYEED AS A SUPERVISOR PROBLEM-SOLVER UNDER COLOR OF STATE LAW, IS SUED IN HIS INDIVIDUAL CAPACITY BOTH JOINTLY AND SEVERALLY LIABLE,

## III (c) PARTIES

DEFENDANT:

J. RODRIQUEZ, WAS/IS SECURITY CORRECTIONAL OFFICER AT (SRCI OF ODOC) AT 777 STANTON BLVD, ONTARIO, ORE 97914. INSIDE MALHEUR COUNTY, OREGON AT ALL TIMES RELEVANT TO THIS ACTION / EMPLOYEED AS A PROBLEM-SOLVER, UNDER COLOR OF STATE LAW. IS SUED IN HIS INDIVIDUAL CAPACITY JOINTLY AND SEVERALLY LIABLE.

DEFENDANT:

K. McNULTY, IS/WAS SECURITY CORRECTIONAL OFFICER AT (SRCI OF ODOC) AT 777 STANTON BLVD. ONTARIO, ORE 97914. INSIDE MALHEUR COUNTY, OREGON AT ALL TIMES RELEVANT TO THIS ACTION / EMPLOYEED AS A PROBLEM-SOLVER, UNDER COLOR OF STATE LAW. IS SUED IN HIS INDIVIDUAL CAPACITY JOINTLY AND SEVERALLY LIABLE.

DEFENDANT:

G. DURHAM, IS/WAS SECURITY CORRECTIONAL OFFICER AT (SRCI OF ODOC) AT 777 STANTON BLVD. ONTARIO, ORE 97914. INSIDE MALHEUR COUNTY, OREGON AT ALL TIMES RELEVANT TO THIS ACTION / EMPLOYEED AS A PROBLEM-SOLVER, UNDER COLOR OF STATE LAW. IS SUED IN HIS INDIVIDUAL CAPACITY JOINTLY AND SEVERALLY LIABLE.

DEFENDANT:

F. RANGEL, WAS/IS SECURITY CORRECTIONAL OFFICER AT (SRCI OF ODOC) AT 777 STANTON BLVD. ONTARIO, ORE 97914. INSIDE MALHEUR COUNTY, OREGON AT ALL TIMES RELEVANT TO THIS ACTION / EMPLOYEED AS A PROBLEM-SOLVER, UNDER COLOR OF STATE LAW. IS SUED IN HIS INDIVIDUAL CAPACITY SEVERALLY LIABLE.

DEFENDANT:

P. LETTUNICH, IS/WAS SECURITY CORRECTIONAL OFFICER AT (SRCI OF ODOC) AT 777 STANTON BLVD. ONTARIO, ORE 97914. INSIDE MALHEUR COUNTY, OREGON AT ALL TIMES RELEVANT TO THIS ACTION / EMPLOYEED AS A PROBLEM-SOLVER, UNDER COLOR OF STATE LAW. IS SUED IN HIS INDIVIDUAL CAPACITY SEVERALLY LIABLE.

DEFENDANT:

C. HUSTON, IS/WAS SECURITY CORRECTIONAL OFFICER AT (SRCI OF ODOC) AT 777 STANTON BLVD, ONTARIO, ORE. 97914. INSIDE MALHEUR COUNTY, OREGON AT ALL TIMES RELEVANT TO THIS ACTION / EMPLOYEED AS A PROBLEM-SOLVER, UNDER COLOR OF STATE LAW. IS SUED IN HIS INDIVIDUAL CAPACITY SEVERALLY LIABLE.

DEFENDANT:

J. OLIVE, IS/WAS SECURITY, DSU /IMU / TEAM - CORRECTIONAL OFFICER AT (SRCI OF ODOC) AT 777 STANTON BLVD. ONTARIO, ORE 97914, INSIDE MALHEUR COUNTY, OREGON AT ALL RELEVANT TIMES TO THIS ACTION / EMPLOYEED AS A PROBLEM-SOLVER, UNDER COLOR OF STATE LAW. IS SUED IN HIS INDIVIDUAL CAPACITY SEVERALLY LIABLE.

DEFENDANT:

C. NEAL, WAS/IS SECURITY, DSU/IMU/TEAM- CORRECTIONAL OFFICER AT (SRCI OF ODOC) AT 777 STANTON BLVD. ON TARIO, ORE 97914, INSIDE MALHEUR COUNTY, OREGON AT ALL TIMES RELEVANT TO THIS ACTION / EMPLOYEED AS A PROBLEM-SOLVER, UNDER COLOR OF STATE LAW. IS SUED IN HIS INDIVIDUAL CAPACITY SEVERALLY LIABLE.

## III (d) PARTIES

DEFENDANT:

D. HANDSEN, IS/WAS SECURITY, DSU/IMU/TEAM-CORRECTIONAL OFFICER AT (SRCI OF ODOC) AT 777 STANTON BLVD, ONTARIO, ORE 97914. INSIDE MALHEUR COUNTY, OREGON AT ALL RELEVANT TIMES TO THIS ACTION/EMPLOYEED AS A PROBLEM-SOLVER, UNDER COLOR OF STATE LAW. IS SUED IN HIS INDIVIDUAL CAPACITY SEVERALLY LIABLE.
DEFENDANT:

C. MOOTHART, IS/WAS SECURITY, DSU/IMU/TEAM-CORRECTIONAL OFFICER AT (SRCI OF ODOC) AT 777 STANTON BLVD, ONTARIO, ORE 97914. INSIDE MALHEUR COUNTY, OREGON AT ALL TIMES RELEVANT TO THIS ACTION/EMPLOYEED AS A PROBLEM-SOLVER, UNDER COLOR OF STATE LAW. IS SUED IN HIS INDIVIDUAL CAPACITY SEVERALLY LIABLE.
DEFENDANT:

J. LLOYD, IS/WAS SECURITY, DSU/IMU/TEAM-CORRECTIONAL OFFICER AT (SRCI OF ODOC) AT 777 STANTON BLVD, ONTARIO, ORE 97914. INSIDE MALHEUR COUNTY, OREGON AT ALL TIMES RELEVANT TO THIS ACTION/EMPLOYEED AS A PROBLEM-SOLVER, UNDER COLOR OF STATE LAW. IS SUED IN HIS INDIVIDUAL CAPACITY SEVERALLY LIABLE.
DEFENDANT:

J. SCOTT, IS/WAS SECURITY, DSU/IMU/TEAM-CORRECTIONAL OFFICER AT (SRCI OF ODOC) AT 777 STANTON BLVD, ONTARIO, ORE 97914. INSIDE MALHEUR COUNTY, OREGON AT ALL TIMES RELEVANT TO THIS ACTION/EMPLOYEED AS A PROBLEM-SOLVER, UNDER COLOR OF STATE LAW. IS SUED IN HIS INDIVIDUAL CAPACITY SEVERALLY LIABLE.
DEFENDANT:

J. CARJAL, IS/WAS SECURITY, DSU/IMU/TEAM-CORRECTIONAL OFFICER AT (SRCI OF ODOC) AT 777 STANTON BLVD, ONTARIO, ORE 97914. INSIDE MALHEUR COUNTY, OREGON AT ALL TIMES RELEVANT TO THIS ACTION/EMPLOYEED AS A PROBLEM-SOLVER, UNDER COLOR OF STATE LAW, IS SUED IN HIS INDIVIDUAL CAPACITY SEVERALLY.
DEFENDANT:

A JOHNSON, IS/WAS SECURITY DSU/IMU/TEAM-CORRECTIONAL OFFICER AT (SRCI OF ODOC) AT 777 STANTON BLVD, ONTARIO, ORE 97914, INSIDE MALHEUR COUNTY, OREGON AT ALL TIMES RELEVANT TO THIS ACTION/EMPLOYEED AS A PROBLEM-SOLVER, UNDER COLOR OF STATE LAW. IS SUED IN HIS INDIVIDUAL CAPACITY JOINTLY.
DEFENDANT:

C. FORD, WAS/IS SECURITY DSU/IMU/TEAM-CORRECTIONAL OFFICER AT (SRCI OF ODOC) AT 777 STANTON BLVD, ONTARIO, ORE 97914. INSIDE MALHEUR COUNTY, OREGON AT ALL TIMES RELEVANT TO THIS ACTION/EMPLOYEED AS A PROBLEM-SOLVER, UNDER COLOR OF STATE LAW. IS SUED IN HIS INDIVIDUAL CAPACITY SEVERALLYLIABLE.
DEFENDANT:

JAMES TAYLOR, WAS/IS SECURITY GRIEVANCE COORDINATOR OFFICER AT (SRCI OF ODOC) AT 777 STANTON BLVD, ONTARIO, ORE 97914. INSIDE MALHEUR COUNTY, OREGON AT ALL TIMES RELEVANT TO THIS ACTION/EMPLOYEED AS A PROBLEM-SOLVER, ACTING UNDER THE COLOR OF STATE LAW. IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY BOTH JOINTLY AND SEVERALLY LIABLE.

## III.(e) PARTIES

DEFENDANT (S) BELOW, ONLY AS COLOR NAMED DOE (S) DUE TO SECURITY WITHHOLDING THEIR IDENTIFICATION (OR/AND INTENT TO CHARGE PLAINTIFF FOR THIS INFORMATION IN VIOLATION OF THE INMATE HANDBOOK OF RULES AS WELL AGAINST ¿OAR 291-037 . ) ). DEFENDANT (S) BELOW WAS/IS SECURITY CORRECTIONAL OFFICIALS AT (SRCI OF ODOC) AT 777 STANTON BLVD, ONTARIO, ORE, 97914, INSIDE MALHEUR COUNTY, OREGON AT ALL RELEVANT TIMES TO THIS ACTION/EMPLOYEED AS PROBLEM-SOLVER(S) WHILE ACTING UNDER COLOR OF STATE LAW, MAY BE SUED IN THEIR INDIVIDUAL CAPACITY JOINTLY LIABLE STATED AS FOLLOWS:

1. SGT. TOPE JOHN DOE
2. SGT. YELLOW JOHN DOE
3. CLP. BROWN JANE DOE
4. C/O. BLUE JOHN DOE
5. C/O. REDD JOHN DOE
6. C/O. GREY JOHN DOE
7. C/O. PINK JANE DOE
8. C/O. ORANGE JOHN DOE
9. C/O. GOLD JOHN DOE
10. C/O. BRONZE JOHN DOE
11. C/O. SILVER JOHN DOE
12. C/O. GREEN JOHN DOE
13. C/O. PURPLE JOHN DOE
14. C/O. VIOLET-RED JOHN DOE
15. C/O. BLACK JOHN DOE
16. C/O. MAROON JOHN DOE
17. C/O. TEAL GREEN JOHN DOE
18. C/O. TAN JOHN DOE
19. C/O. COPPER-TONE JOHN DOE
20. C/O. NAVY BLUE JOHN DOE
21. C/O. LIGHT-BROWN JANE DOE
22. C/O. LIGHT-BLUE JOHN DOE
23. C/O. LIGHT-GREEN JOHN DOE
24. C/O. SEA-GREEN JOHN DOE
25. C/O. HAZEL GREEN JOHN DOE
26. C/O. LIGHT PURPLE JOHN DOE
27. C/O. HOTT-PINK JOHN DOE
28. C/O. OLIVE GREEN JOHN DOE
29. C/O. DOVE GREY JOHN DOE
30. C/O. RED-ORANGE JOHN DOE
31. C/O. METALLIC SILVER JOHN DOE
32. C/O. METALLIC MAROON JOHN DOE
33. C/O. METALLIC BLACK JOHN DOE
34. C/O. METALLIC REDD JOHN DOE
35. C/O. METALLIC YELLOW JOHN DOE
36. C/O. METALLIC BROWN JOHN DOE
37. C/O. DARK GREY JOHN DOE
38. C/O. DARK BLUE JOHN DOE
39. C/O. DARK GREEN JANE DOE
40. C/O. DARK BROWN JOHN DOE
41. C/O. ANTIQUE WHITE JANE DOE

(SEE PLAINTIFF'S EXHIBIT (S)  No. #7, ALSO No. #8; ATTACHED HERE TO )).

## VI.

THIS CIVIL ACTION PLACED BEFORE THE COURT, UNDER 42 U.S.C, § 1983 TO REDRESS THE DEPRIVAT-ION OF HIS CONSTITUTIONAL PROTECTED GUARANTEED RIGHTS SECURED BY THE UNITED STATES CONSTITUTION AMENDMENT (S). DEPRIVED OR/AND ABRIDGED BY PERSON (S) ACTING UNDER THE COLOR OF STATE LAW IN THE BOARDERS AND TERRITORY OF THE STATE OF OREGON, THE COURT HAS JURISDICTION OVER THESE MATTERS PURSUANT TO 28 U.S.C, §§ 1331, § 1343, §§ 2201, §§ 2202, §§ 2283, 2284 AND §§ 1367. AS WELL FED.CIV. RULES PROC. R. 57.

Page 3 (e)

# IV.  STATEMENT OF CLAIM

## Claim I

State what right under the Constitution, laws, or treaties of the United States has been violated. PLAINTIFF ALLEGES VIOLATION OF HIS PROTECTED LIBERTY INTEREST AND GUARANTEED FIRST AMENDMENT RIGHT OF THE UNITED STATES CONSTITUTION, THAT PROVIDES IN PERTINENT PART, "CONGRESS SHALL MAKE NO LAW ABRIDGING THE FREEDOM TO PETITION THE GOVERNMENT FOR A REDRESS OF GRIEVANCES: COMMONLY TERMED AS DENIED ACCESS TO COURT; PREVENTED - THWART PROCESS, BY DENIED TIMELY SUBMITTED INSTITUTIONAL GRIEVANCE FORM(S); CD 117 FORM.

Supporting Facts:  *(State here as briefly as possible the facts of your case.  Describe how each defendant is involved and when the conduct occurred.  It is not necessary to give any legal arguments or cite any cases or statutes.)* DEFENDANT JAMES TAYLOR ACTING GRIEVANCE COORDINATOR AT (SRCI OF ODOC) VIOLATED PROVISIONAL PROCEDURES OF §OAR 291-109. OF THE INSTITUTION, TO PROVIDE A BLANKET OF PROTECTION FOR WRONG DOERS AN PREVENT, THWART THE PROCESS BY DENIAL, REJECTION, RETURNED NON-AVAILABLE LOGGED AND DATE STAMPED SUBMITTED CD117 GRIEVANCE FORM(S) TWO (2) EACH WEEK. AS FOLLOWS: DEF(S) J.OLIVE, SRCI 2017.11.112 DENIED 11/29/17; J.OLIVE, SRCI 2018. DENIED 01/04/18; W.KING, SRCI 2017.11.113 DENIED 11/29/17; W.KING, SRCI 2018.02. 059 DENIED 02/11/18; B.BROOKS, SRCI 2017.12.022 DENIED 12/05/17; F.RANGEL, SRCI 2017.12.064 DENIED 12/14/17 ALSO 12/28/17; J.BEAUMONT, SRCI 2017.12.100 DENIED 12/20/17; K. MCNULTY, SRCI 2017.12.105 DENIED 12/20/17; N.ARMSTRONG, SRCI 2017.12.141 RETURNED 12/28/17; B.BENNETT, RETURNED 01/05/18 NON LOGGED (OR) DATE STAMPED; D.HANDSEN, SRCI 2018.01.046 NO DATE STAMP; C.MOOTHART, SRCI 2018. 01.090 DENIED STAMP DATE; L.CONE, SRCI 2018.01.154 DENIED 01/24/18; C.NEAL, SRCI 2018.01.155 DENIED 01/24/18; J.RODRIQUEZ, SRCI 2018.01.174 DENIED 01/29/18; J. LLOYD, SRCI 2018.02.043 DENIED 02/12/18; J.SCOTT, SRCI 2018.02.044 NO DATE STAMP; C.BUTTRAM, SRCI 2018.02.103 DENIED 02/22/18; G.DURHAM, SRCI 2018.02.103 DENIED DATE STAMP; P.LETTUNICH, SRCI 2018.02.127 DENIED 02/28/18; [SEE ATTACHED STATEMENT OF FACTS

## Claim II

State what right under the Constitution, laws, or treaties of the United States has been violated. PLAINTIFF ALLEGES VIOLATIONS OF HIS PROTECTED LIBERTY INTEREST AND GUARANTEED FIFTH AND FOURTEENTH AMENDMENT RIGHTS OF THE UNITED STATES CONSTITUTION, THAT PROVIDES IN PERTINENT PART, (S) "NO PERSON SHALL BE DEPRIVED OF LIFE, LIBERTY OR PROPERTY WITHOUT DUE PROCESS OF LAW." - "NO STATE SHALL DEPRIVE ANY PERSON OF LIFE, LIBERTY, OR PROPERTY WITHOUT DUE PROCESS OF LAW; NOR DENY ANY PERSON EQUAL PROTECTION OF THE LAW. AS WELL OREGON STATE CONSTITUTIONAL ARTICLE 1 §20 EQUALITY OF PRIVILEGES.

Supporting Facts: *(State here as briefly as possible the facts of your case. Describe how each defendant is involved and when the conduct occurred. It is not necessary to give any legal arguments or cite any cases or statutes.)* PLAINTIFF FUDGE, A BLACK PRISON INMATE AT (SRCI OF ODOC) ASSIGNED HOUSING IN 2F-UNIT OBSERVED DEFENDANT NANCY ARMSTRONG A WHITE FEMALE OFFICER DISPLAY DISCRIMINATORY MOTIVATED REASON(S) TO DISCRIMINATE BLACK MALE INMATES REQUEST FOR TELEVISION CHANNELL CHANGE, DIFFERENT TREATMENTS FROM SIMILARLY SITUATED 2F-UNIT HOUSED WHITE MALE PRISON INMATES WHOM FOLLOWED THE SAME PROCEDURE IN REQUESTING A CHANNEL STATION CHANGE, WHERE (DEF. N. ARMSTRONG ISSUED THE T.V. REMOTE CONTROLL DEVICE TO WHITE MALE INMATES OF 2F-UNIT TO SELLECT A STATION: BLACK MALE INMATES INCLUDING PLAINTIFF WHOM REQUEST A CHANNEL CHANGE, WAS NOT ISSUED THE T.V. REMOTE CONTROLL DEVICE BUT DELAYED ARMSTRONG'S SELLECT A STATION, OR DENIED AND DEPRIVED T.V. VIEWING, TOTALLY; ON SATURDAY OCTOBER 28th, 2017 WHEN PLAINTIFF REQUEST A T.V. STATION CHANGE, (DEF) ARMSTRONG BANNISHED PLAINTIFF TO RESTRICTED AREAS OF 2F-UNIT MID-REAR DAY ROOM, ON HIS MERE PRESENTS, ORDERED SUPERVISOR TO REMOVE PLAINTIFF FROM HER UNIT TO SOLITARY, DENIED PLAINTIFF EQUAL PROTECTION BY MISCONSTRUING THE INMATE HANDBOOK'S RULES. { SEE PLAINTIFF'S EXHIBIT NO. #1, #3, AND #2; IN THIS ORDER AT 2:20PM }
{ SEE ATTACHED STATEMENT OF FACTS

## Claim III

State what right under the Constitution, laws, or treaties of the United States has been violated. PLAINTIFF STATES THAT HIS ARTICLE 1 § 8th EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION GUARANTEED RIGHT WAS VIOLATED, PROHIBITING EXCESSIVE USE OF FORCE, ARISING TO CRUEL AND UNUSUAL PUNISHMENT SOLELY FOR UNNECESSARY AND WANTON INFLICTION OF PAIN, APPLIED IN BAD FAITH MALICIOUS AND SADISTICALLY FOR THE VERY PURPOSE OF CAUSING HARM, AGAINST THE CONTEMPORARY STANDARDS OF DECENCY, AS WELL VIOLATING OREGON STATE CONSTITUTIONAL ARTICLE 1 § 13, 16 ; § OAR 291-013.

Supporting Facts: *(State here as briefly as possible the facts of your case. Describe how each defendant is involved and when the conduct occurred. It is not necessary to give any legal arguments or cite any cases or statutes.)* AFTER HAVING ODOC SUPERIOR ADMINISTRATOR

1. OFFICIALS ORDER / DIRECT SUBORDINATE SECURITY STAFF-MEMBER(S)/OFFICER (S) TO BRUTALISE AND PUNISH PLAINTIFF EXCESSIVELY WHEN EVER PLAINTIFF'S NAME, FUDGE CAME UP (sic), AS EARLY AS MAY 30th, 2017 AT ODOC'S/CCIC:

2. ON Thursday Aug. 24th, 2017 AT ODOC / SRCI, SECURITY CAPT. R. GILBERTSON, CAPT. M. TURNER AND Lt. K. ANDERSON, ORALLY AN VERBALLY ADVISED PLAINTIFF THAT THEIR "BOSS - GREG JONES" WANTED PLAINTIFF PUNISHED, DISCIPLINED AND LOCKED DOWN IN [IMU], '

3. ON SATURDAY OCTOBER 28th, 2017 AT APPROXIMATELY 2:20 PM DEFENDANT NANCY ARMSTRONG (FEMALE OFFICER) INSIDE (SRCI-2F.UNIT) OF ODOC SEIZED HER CHANCE TO DISCRIMINATE, VERBALLY ABUSE, AND DEMAND THAT PLAINTIFF BE REMOVED FROM HER UNIT, BECAUSE PLAINTIFF'S MERE PRESENTS WAS A DISTRACTION AND DISTURBANCE TO ARMSTRONG, (SEE PLAINTIFF'S EXHIBIT #3, ATTACHED HERE TO )),

( SEE PLAINTIFF'S EXHIBIT No.*4 ATTACHED HERE TO )). RECRUITING DEFENDANT B. BENNETT. ET. AL.

4. ON 10/28/2017 DEFENDANT BRET BENNETT AT (SRCI - 2F UNIT OF ODOC) ABOUT APPROXIMATELY 3:25 PM HAD DEFENDANT N. ARMSTRONG DIRECT PLAINTIFF INTO AN AWAITING AMBUSH OF ARMED READY TO FIGHT CO-DEFENDANT(S) WHEN BENNETT DIRECTED PLAINTIFF TO CELL-INN, WHEN PLAINTIFF COMPLIED, BENNETT CHARGED-INN, AFTER PLAINTIFF, STRIKING PLAINTIFF, DEFENDANT B. BROOKS EXTENDED AN ARM FROM BEHIND BENNETT, SPRAYING A (7-SEC) BURST OF CHEMICAL AGENT ON PLAINTIFF, WHEN BENNETT SCREAMED "NO SPRAY. CALL-ASSAULT-ON-OFFICER", ( SEE PLFF'S EXH. No.* 5(a), *5(b), SEE ATTACHED STATEMENT OF FACTS HERE TO )).

*(If you have additional claims, describe them on another piece of paper, using the same outline.)*

## V.   RELIEF

*State briefly exactly relief you are seeking.  Make no legal arguments.  Cite no cases or statutes.* WHERE FORE, PLAINTIFF HUMBLY PRAYS THAT THIS COURT ENTERS AN ORDER: ISSUING ACTUAL INJURY RELIEF AN AWARD DAMAGES ACCORDING TO LAW, JUST AN PROPER, ISSUING COMPENSATORY RELIEF AN AWARD DAMAGES ACCORDING TO LAW, JUST AN PROPER, ISSUING PUNITIVE RELIEF AN AWARD DAMAGES ACCORDING TO LAW, JUST AN PROPER, ISSUING INJUNCTIVE RELIEF, COMMANDING DEFENDANT TO CEASE THEIR ROUTINE/ PRACTICE OF BRUTALITY UPON RESTRAINED ESCORTED PRISONERS TO (3) OFFICER ESCORTS. ISSUING GENERAL RELIEF, FOR EMOTIONAL DAMAGES ACCORDING TO LAW, ISSUING DECLARATORY RELIEF AN AWARD DAMAGES ACCORDING TO LAW TO EACH SEVERALLY SUED DEFENDANTS NAMED HEREIN INDIVIDUALLY IN THE AMOUNT AS YET TO BE DEDUCED FROM THE EVIDENCE, NO LESS THAN $350,000.00  IMU-DSU-TEAM ONLY, AND ANY OTHER RELIEF THAT THIS COURT MAY DEEM JUST AN PROPER/ TRIAL BY JURY IS DEMANDED ON ALL CLAIMS Signed this   9th   day of _____ July _____, 2019 .

JAMES CHARLES FUDGE # 7994245

*James Charles Fudge* # 7994245
*(Signature of Plaintiff(s))*
                                                         07-09-2019

## VI.                 VERIFICATION

PURSUANT TO 28 U.S.C § 1746. I JAMES CHARLES FUDGE, SID # 7994245 DECLARE AND

VERIFY, UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA

THAT THE ABOVE AND FORE GOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE

AND BELIEF, EXECUTED THIS 09th DAY OF JULY 2019.

III.                          STATEMENT OF FACTS

1. ON THURSDAY AUGUST 24th, 2017 AT SNAKE RIVER CORRECTIONAL INSTITUTE OF OREGON
DEPARTMENT OF CORRECTIONS - (SRCI/ODOC-HERE AFTER) SECURITY THREAT CAPTAIN R.
GILBERTSON AND LT. K. ANDERSON ADVISED PLAINTIFF THAT, " THEIR BOSS - GREG JONES" WANT-
ED PLAINTIFF, TUNED-UP AND PLACED INSIDE INTENSIVE MANAGEMENT UNIT- (IMU/HERE AFTER).

2. UPON TUESDAY SEPTEMBER 12th, 2017. PLAINTIFF WAS ASSIGNED HOUSING COMPLEX-TWO, CELL#
113 BRAVO - ( 2F-UNIT -113 / HERE AFTER ) APPOINTED A FELLOW-INMATE MENTOR TO PROVIDE
PLAINTIFF WITH A TOUR, UNIT EXPECTATION(S) AND FIRST-LINE SECURITY STAFF ASSISTANCE
INSTRUCTIONS (SEE PLAINTIFF'S EXHIBIT(S) No.#1, No. #2 , ATTACHED HERE TO Pg 23 )).

3. AFTER POSTED SECURITY STAFF INSIDE SRCI / 2F-UNIT MADE OBSERVATIONAL WRITTEN NOTES
ON PLAINTIFF'S DAY-TO-DAY CELL, ALSO DAYROOM BEHAVIORAL CONDUCT REPEATATIVE PATTERN,
TO EXIT #113 CELL WITH COFFEE, COFFEE CUPP AND SPOON, SONY RADIO, HEAD PHONES TO TAKE A
CHAIR IN SECTION No. #2 /OR MIDDLE - DAYROOM OF 2F-UNIT TO WATCH TELEVISION, TIL LOCK INN.

4. AT THE END OF SEPTEMBER 2017 OR BEGINNING OF OCTOBER 2017, (SRCI ) CONDUCTED THEIR
ROUTINE SECURITY STAFF ROTATION, WHEN SECURITY THREAT CAPTAIN R. GILBERTSON ADVISED
FELLOW-INMATE JERMAINE AVRITT # 11 39 55 86, TOO STAY AWAY FROM PLAINTIFF BECAUSE PLAINTIFF
WILL BE MOVED TO ( IMU-HARD, VERY SOON ), AND UNLESS AVRITT WISHED TO JOIN PLAINTIFF,
AVRITT MAY BE WELL-OFF, TO STAY AWAY FROM PLAINTIFF.

5. WHEN FELLOW-INMATE J. AVRITT #11 39 55 86 ALERTED PLAINTIFF OF SECURITY THREAT CAPTAIN,
AND LT.'s INTENTIONS TO HARM PLAINTIFF AND SEGREGATE HIM INSIDE (IMU), PLAINTIFF SOUGHT
ADVICE FROM APPOINTED FELLOW-INMATE-MENTOR, KEONI WARREN # 1088915O, WHOM DID NOT
CARE TO TAKE THE INFORMATIONAL THREATS ON PLAINTIFF SERIOUSLY.

6. OCTOBER 2017 NEW POSTED SECURITY OFFICER OF THIRD SHIFT, DEFENDANT NANCY ARMSTRONG
BULLIED BLACK AND MEXICAN / HISPANIC INMATES ASSIGNED TO (SRCI - 2F-UNIT OF ODOC),

VII.                          STATEMENT OF FACTS

WHILE SHOWING WHITE INMATES SIMILAR SITUATED ASSIGNED TO 2F-UNIT OF SRCI,
POLITE-KINDNESS, GENEROSITY ALSO PROFESSIONAL ASSISTANCE.

7. PLAINTIFF OBSERVED DEFENDANT ARMSTRONG'S PATTERN OF CONDUCT TO IMMEDIATELY
AT THE START OF THE SHIFT, DO A TELEVISIONAL REMOTE-CONTROLL-DEVICE SEARCH AND
SEIZURE. TO DENY OR DEPRIVE BLACK, HISPANIC AND ISLANDER INMATE'S REQUEST FOR
TELEVISION CHANNELL-STATION CHANGE, AS OPPOSED TO SIMILAR-SITUATED WHITE INMATES
REQUEST FOR TELEVISION CHANNELL-STATION CHANGE, DEFENDANT ARMSTRONG ISSUES
REMOTE-CONTROLL-DEVICE TO SIMILAR-SITUATED WHITE INMATES, ALL OTHERS ARE DIRECT-
ED TO "WAIT ON DEFENDANT ARMSTRONG TO CHANGE THE CHANNELL-STATION," MAY BE:

8. ON SATURDAY OCTOBER 28ᵗʰ, 2017 AT APPROXIMATELY 1:48 PM INSIDE 2F-UNIT OF SRCI
NEW UNIT SECURITY POST OFFICER OF SECOND SHIFT, OPENED 2F-UNIT CELL DOORS FOR DAY-
ROOM TIME, PLAINTIFF EXITED #113 CELL WITH RADIO AND HEADPHONES TO WATCH TELEVISION,
ONLY TO NOTICE THAT NO PROGRAM WAS SHOWING, PLAINTIFF ALERTED 2ND SHIFT OFFICER,

9. SECOND SHIFT SECURITY POSTED OFFICER INSIDE 2F-UNIT OF SRCI, GAVE PLAINTIFF A DIRECT
ORDER TO PRESENT A REQUEST ORALLY AND VERBALLY TO THIRD-SECURITY-SHIFT OFFICER AT
2 PM, WHOM WOULD BE RELIEVING HIM IN FORESEEABLE MINUTES. FOR A CHANNELL-CHANGE.

10. AT APPROXIMATELY 2:20 PM THERE ABOUT IN SRCI/2F-UNIT OF ODOC ON SATURDAY OCTOBER
28ᵗʰ, 2017 PLAINTIFF OBEYED THE LAST DIRECTIVE GIVEN TO PLAINTIFF AND APPROACHED
FRONT DAY ROOM /OR SECTION No.1; NEAR OFFICER'S PANEL STATION AND STOOD SILENTLY
AWAITING DEFENDANT NANCY ARMSTRONG'S ACKNOWLEDGEMENT, TO PRESENT REQUEST FOR
A TELEVISION CHANNELL-STATION CHANGE. (SEE PLAINTIFF'S EXHIBIT No. #1 / #3, ATTACHED
HERE TO )). Pages 22, 24:

VII.                    STATEMENT OF FACTS

11. ONCE DEFENDANT ARMSTRONG, OBSERVED PLAINTIFF SILENTLY WAITING, STANDING NEAR
    FRONT DAY ROOM BARS / OFFICER'S PANEL, DEFENDANT ARMSTRONG ACKNOWLEDGED WITH
    A DISGUSTING - RUDE TONE OF SPEECH TOWARDS PLAINTIFF INQUIRING "AND WHAT
    DO YOU WANT ???(SEE PLAINTIFF'S EXHIBITS No." 1, " 3, pages 22, 24 ATTACHED HERE TO)),

12. PLAINTIFF CALMLY PRESENTED A ORAL-VERBAL REQUEST," IF THE MOVIE TELEVISION CHANNELL-
    STATION COULD PLEASE BE CHANGED TO ANOTHER PROGRAMMED VIEWING, TO ARMSTRONG

13. DEFENDANT ARMSTRONG, ORALLY AND VERBALLY EXPLODED, SAYING. YOU GET AWAY FROM
    ME, THATS NOT A REASON FOR YOU, TO BE COMING - UP - HERE, TO THIS FRONT DAY ROOM. FOR
    "AH CHANNELL- CHANGE," YOU DONT ASK ME FOR ANY CHANNELL-CHANGES, YOU STAY THE
    HELL AWAY FROM ME, YOUR MERE PRESENTS IS AN DISTRACTION AND DISTURBANCE TO

14. ME, YOU WILL REMAIN IN THE REAR OF THIS DAY ROOM IN THOSE GREY CHAIRS OUT THERE,
    FAR AWAY FROM ME, AND BACK AWAY FROM THIS FRONT DAY ROOM AREA, YOU DONT EVER COME
    BACK INTO THIS FRONT DAY ROOM AREA UNLESS YOU ARE CALLED, IF YOU ARE NOT CALLED
    INTO THIS FRONT DAY ROOM AREA, THEN YOU STAY FAR AWAY FROM IT AND ME, DO YOU

15. UNDERSTAND ME? NOW YOU GET THE HELL AWAY FROM ME RIGHT NOW AND STAY
    YOUR BLACK-ASS, OUT THERE AWAY FROM ME, GO FIND A SEAT AMONG THOSE GREY
    CHAIRS UNTIL YOU ARE CALLED INTO THIS FRONT DAY ROOM OR/TO THIS OFFICER'S WALL,
    NOW YOU GITT OUT NOW, (SEE PLAINTIFF'S EXHIBIT No." 3 ! ATTACHED )). ALSO EXHAUSTED
    GRIEVANCE No " SRCI 2017- 11-054.

16. PLAINTIFF PROMPTLY COMPLIED TO MOVE -AWAY FROM SRCI 2F-UNIT'S FRONT DAY ROOM
    AS DIRECTED BY DEFENDANT ARMSTRONG'S BIAS DISCRIMINATORY BANNISHMENT, ONLY
    TO POINT TOWARDS SECOND-SHIFT POST- OFFICER IN PLAINTIFF'S REBUTTAL STATING THIS
    OFFICER DIRECTED PLAINTIFF TO COME-UP AND REQUEST OF DEFENDANT ARMSTRONG, HE
    IS THE REASON FOR COMING UP TO THIS FRONT DAY ROOM TO ASK FOR CHANNELL-CHANGE,

CIVIL RIGHTS COMPLAINT
REVISED: APRIL 24, 2008

VII.                    STATEMENT OF FACTS

17. PLAINTIFF BEING SNARED OR/AND ENTRAPPED AS WELL SINGLED-OUT AMIST SEVERAL
    SIMILAR SITUATED ASSIGNED HOUSED 2F-UNIT INMATES, DEFENDANT ARMSTRONG'S ORDER-DENY-
    BANNED PLAINTIFF FROM HOT/COLD WATER, HYGIENE SHOWERING, EXERCISE, LIBRARY, KIOSK
    COMPUTER, I-TABLETS, VIDEO VISITATION, ALL DEPARTMENTAL FORMALITIES, PENCIL SHARPENER,
    LOCATED IN 2F-UNIT FRONT/SECTION-1 DAY ROOM, SIMILAR SITUATED HOUSED INMATES ENJOY
    AT WILL, WITHOUT HAVING TO BE CALLED UPON AS WELL MEALS/FOOD, CANTEEN OPPORTUNITIES.
18. PLAINTIFF TOOK A SEAT IN A GREY CHAIR IN 2F-UNIT'S REAR DAY ROOM/3rd SECTION, SECOND
    GAME TABLE ASSIGNED FOR "BLACK INMATES" NEXT TO THE STAIR CASE IN FRONT OF # 113
    CELL DOOR THERE ABOUT, PONDERING FRONT DAY ROOM AN RESTRICTED "UNAUTHORIZED AREA
    TO ONLY PLAINTIFF ALONE, PURSUANT TO DEFENDANT NANCY ARMSTRONG, (SEE PET. EXH.No#3;
19. AT APPROXIMATELY 2:30 PM INSIDE 2F-UNIT OF SRCI, DEFENDANT ARMSTRONG OBSERVED
    SEVERAL SIMILAR-SITUATED HOUSED FELLOW INMATES, COME TO PLAINTIFF AT THE REAR
    GAME TABLE, THUS CAUSING SOME SAFETY CONCERNS FOR DEFENDANT ARMSTRONG WHOM
    DECIDED TO CALL UPON PLAINTIFF TO COME TO THE FRONT DAY ROOM OFFICER'S WALL.
20. DEFENDANT NANCY ARMSTRONG OFFERED PLAINTIFF AN BOGUS ORAL-VERBAL APOLOGY,
    SAYING, INMATE FUDGE, I DIDN'T INTEND TO SPEAK TO YOU RUDELY OR DISRESPECTFULLY.
21. PLAINTIFF REPLIED STATING, YES. MA'AM YOU DID AND THATS WHAT YOU DONE. IF ONLY
    YOU WILL ALLOW PLAINTIFF TO EXPLAIN; (SEE PLTF. EXH. No#3; No#1; No#2;)).
22. DEFENDANT ARMSTRONG, INTERRUPTING SAYING, YOU CAN NOT EXPLAIN ANYTHING,
    YOU LISTEN, LISTEN TO ME INMATE FUDGE, WHEN YOU SEE TWO (2) OR MORE OFFICER(S)
    UP HERE IN THIS FRONT CONTROL-PANEL AREA, YOU DON'T COME UP HERE, YOU STAY AWAY,
    YOU WAIT UNTIL THERE IS ONLY ONE (1) OFFICER IN THIS UNIT OR BEHIND THIS CONTROL-
    PANEL, YOUR JOB IS TO WAIT, YOU WAIT UNTIL OTHER STAFF LEAVE,

VII.                        STATEMENT OF FACTS

23. You WAIT UNTIL OTHER OFFICERS LEAVE MY UNIT BEFORE YOU COME TO THIS
    FRONT DAY ROOM TO ASK FOR ANYTHING, DO YOU UNDERSTAND ME? DEFENDANT
    ARMSTRONG SAID TO PLAINTIFF. (SEE PLAINTIFF'S EXHIBIT No.#3; SRCI 2017.11.054)).

24. PLAINTIFF CALMLY REQUESTED IF DEFENDANT NANCY ARMSTRONG WOULD CALL A ZONE
    SUPERVISOR OF SECURITY OR LIEUTINANT OFFICER IN CHARGE, AT THIS TIME, DEFEND-
    ANT N. ARMSTRONG REPLIED, SAYING "NO, I WILL NOT CALL ANY SUPERVISORS FOR
    YOU, THEY WILL BE IN THE HALLWAY AT CHOW TIME, YOU CAN TALK TO THEM AT CHOW CALL;
    (SEE PLAINTIFF'S EXHIBIT No.#4;  . ATTACHED HERE TO. pg. 25 )).

25. PLAINTIFF RESPECTFULLY REQUESTED THAT DEFENDANT NANCY ARMSTRONG
    ISSUE PLAINTIFF TWO (2) GRIEVANCE FORM'S CD 117 ODOC'S ISSUANCE INWHICH
    TO FILL-INN AS PLAINTIFF PROMPTLY RETURNED TO THE REAR DAY ROOM GAME
    TABLE THAT PLAINTIFF PREVIOUSLY SELLECTED A GREY CHAIR, TO WRITE GRIEVANCES,

26. AT APPROXIMATELY ABOUT 2:42 PM INSIDE 2F-UNIT OF SRCI, A UNKNOWN BY-NAME
    CO.2 SECURITY CORPRAL DESCENDED THE STAIR CASE WHEN PLAINTIFF STOOD AND
    APPROACHED HIM, REQUESTING TO SPEAK WITH THIS OFFICER, PLAINTIFF PRESENTED POST-
    OFFICER DEFENDANT ARMSTRONG'S BIAS DISCRIMINATOR DIRECTIVE BANNISHING HIM
    FROM FRONT DAY ROOM UNLESS CALLED UPON.

27. THE UNKNOWN BY-NAME CO.2 SECURITY CORPRAL IGNORED PLAINTIFF, FOCUSING HIS EYES
    AND ATTENTION ON PLAINTIFF'S HANDS AND FINGERS TO AFFIRM THAT PLAINTIFF DID NOT
    TOUCH HIS CLOTHES HOWEVER EVEN SLIGHT, WHEN PLAINTIFF PUT HIS HANDS TO THE SIDES
    OF PLAINTIFF'S BODY, SECURITY CORPRAL ADVISED PLAINTIFF "TO JUST GO TALK TO DEFENDANT

28. ARMSTRONG," IN DIRECT DEFIANCE TO DISCRIMINATORILY DIRECTIVES GIVEN TO PLAINTIFF,
    NOT LACKING THAT PLAINTIFF'S MERE PRESENTS BE A DISTRACTION AND DISTURBANCE
    TO DEFENDANT ARMSTRONG PLAINTIFF RELATED, TO UNKNOWN CO.2. CORPRAL BLUE

VII.                          STATEMENT OF FACTS

JOHN DOE, PLAINTIFF REQUEST IF CORPRAL BLUE JOHN DOE WOULD NOTIFY LIEVTINANT.

29. PLAINTIFF WAS ADVISED BY CORPRAL BLUE JOHN DOE, THAT "IF HE SEE A SUPERVISOR, HE WILL
    TELL THAT PERSON, PLAINTIFF NOTICED DEFENDANT ARMSTRONG'S FULL ATTENTION DIRECTED
    TOWARDS CORPRAL BLUE JOHN DOE AND PLAINTIFF'S VERBAL COMMUNICATION MANNERISM
    THAT AIDE IN THE DEVELOPED MIND-STATE AND MOTIVE TO HAVE PLAINTIFF REMOVED FROM 2F
    ALLEGEDLY "HER UNIT".

   30. PLAINTIFF RETURNED TO THE THIRD SECTION / REAR DAY ROOM GAME TABLE WHERE THOSE
       TWO (2) GRIEVANCE FORMS LIE ON THE TABLE HALF-FILLED-INN AT 2F-UNIT OF SRCI NEXT
       TO THE STAIR CASE IN FRONT OF # 113 CELL THERE ABOUT, WHERE PLAINTIFF SIT DOWN IN A
       GREY CHAIR TO COMPLETE AND FINISH COMPILING THOSE GRIEVANCE FORM CD 117.
   31. AT APPROXIMATELY 3:15 PM THERE ABOUT, CLOSE TO ONE (1) FULL HOUR AFTER FIRST INITIAL
       ORAL-VERBAL OUTBURST OF VERBAL ABUSE FROM DEFENDANT ARMSTRONG UPON PLAINTIFF,
       DEFENDANT BRET BENNETT, THIRD-SHIFT-SECURITY SERGEANT OF SRCI / COMPLEX TWO,
       ENTERED 2F-UNIT. UPON ARRIVING AT 2F-UNIT OFFICER'S STATION-PANEL, DEFENDANT
       ARMSTRONG SEIZED OPPORTUNITY TO DEMAND THAT PLAINTIFF BE REMOVED FROM "HER UNIT
       AT SRCI - 2F-UNIT OF ODOC".
   32. DEFENDANT ARMSTRONG ADVISED DEFENDANT BRET BENNETT THAT, "SHE DID NOT WANT
       PLAINTIFF INSIDE HER UNIT, AFTER PLAINTIFF WAS UPSETT WITH HER, REFUSAL TO ALLOW
       PLAINTIFF TO HAVE HIS WAY WITH THE UNITS TELEVISION REMOTE DEVICE, THAT PLAINTIFF
       HAD SPOKEN TO HER WITH A SMART-MOUTH SAYING, "YES, MA'AM YOU DID INTEND,
       JUST WHAT YOU DONE, BE DISRESPECTFUL AND RUDE. (SEE PLTF'S EXH. No #4, Pg. 25 )).
   33. PLAINTIFF STOOD-UP AND WENT TO THE SECOND SECTION / MIDDLE DAY ROOM TELE PHONE
       WHEN DEFENDANT ARMSTRONG OBSERVED PLAINTIFF ON THE PHONE ALLEGEDLY, DEFENDANT
       ARMSTRONG ADVISED DEFENDANT BRET BENNETT THAT PLAINTIFF WISHED TO TALK TO BENNETT.

VII.                     STATEMENT OF FACTS

34. PLAINTIFF OBSERVED AND WATCHED DEFENDANT B, BENNETT EXIT, 2F-UNIT, IGNORING AND
   DISREGARDING PLAINTIFF'S POSITION, PRESENTS, TOTAL EXSISTENCE AT WHICH, PLAINTIFF
   HUNG-UP THE PHONE RECEIVER AND BEGUNN WALKING BACK TO THE REAR DAY ROOM.

35. DEFENDANT N. ARMSTRONG CALLED PLAINTIFF TO COME INTO THE FRONT DAY ROOM AREA,
   AND INFORMED PLAINTIFF THAT DEFENDANT B. BENNETT WILL TALK TO PLAINTIFF NOW
   IN THE CORRIDOR HALLWAY, (OUT SIDE 2F-UNIT), DEFENDANT ARMSTRONG OPENED
   2F-UNIT CRASH-GATE AND CLOSED IT BEHIND PLAINTIFF, ALLOWING PLAINTIFF TO EXIT 2F-UNIT.

36. PLAINTIFF ARRIVED IN CORRIDOR TWO HALL WAY, TO OBSERVE ARMED READY-TO-FIGHT
   STAFF-MEMBER(S) DEFENDANT C. BUTTRAM ARMED WITH ELECTRICAL TAZOR DEVICE,
   DEFENDANT B. BROOKS, ARMED WITH CHEMICAL AGENT, DEFENDANT B. BENNETT, ARMED
   WITH FOLDED WRIST RESTRAINTS IN HIS RIGHT FIST, PLAINTIFF HAS BEEN LURED INTO AMBUSH,

37. DEFENDANT B. BENNETT APPROACHED PLAINTIFF STATING TO PLAINTIFF, "YOUR NOT HAVING
   IT, YOUR WAY TODAY, YOU LYING FUCKER", DEFENDANT BENNETT CONTINUED VERBAL
   ABUSIVELY UTTERING FIGHTING WORDS OF THE WEST TO PROVOKE PLAINTIFF BY CALLING
   PLAINTIFF MANY "LYING FUCKER, A LYING-ASSED-FUCKER AND YOU LYING FUCKER,
   BEFORE PLAINTIFF UTTERED A WORD. FLANKED BY DEFENDANTS BUTTRAM AND B. BROOKS
   ON OPPOSITE SIDES OF PLAINTIFF AND BENNETT.

38. DEFENDANT B. BENNETT DECLARED THAT HE HAS WORKED WITH THOSE SAME OFFICERS
   FOR MORE THAN TWENTY (20) YEARS, IF THESE OFFICERS TELL HIM THAT PLAINTIFF HAS
   DONE OR SAID SOMETHING, THEN HE WILL BELIEVE "HIS OFFICERS," NOT PLAINTIFF,
   BECAUSE PLAINTIFF IS A LYING FUCKER, A LYING-ASSED-FUCKER,

39. PLAINTIFF'S FIRST UTTERANCE TO DEFENDANT B. BENNETT, SIR COULD YOU PLEASE
   TELL ME, WHAT YOUR OFFICER HAS SAID, THAT I AM SUPPOSEDLY TO LIE ABOUT? AT

VII.                                     STATEMENT OF FACTS

THE LEAST. (SEE PLAINTIFF'S EXHIBIT No.#5(a) ATTACHED HERE TO, Page 26)).

40. DEFENDANT B. BENNETT REPLIED SAYING, YES (OR) NO, DID YOU TELL MY OFFICER,
"THATS THE WAY SHE DO IT — TIL SHE GETS IT DONE ???" YES OR NO.
WHERE PLAINTIFF STATED NO. SIR, DEFENDANT BENNETT'S VERBAL ABUSE ON-SAULT
OF "YOU LYING FUCKER, LYING-ASSED -FUCKER IN EFFORT TO PROVOKE PLAINTIFF FAILED.

41. PLAINTIFF ASKED DEFENDANT BENNETT, WHAT PART OF THE TRUTH WAS BENNETT "NOT
WANTING TO HEAR," AT ALL, DEFENDANT BENNETT TURNED TOWARDS DEFENDANT B. BROOKS
INQUIRING, IF BROOKS HEARD WHAT PLAINTIFF JUST SAID, DEFENDANT B. BROOKS SMILING
EVILLY AFFIRMED BY SAYING, "I HEARD HIM, (REFERRENCED TO PLAINTIFF)."
DEFENDANT BENNETT TOLD PLAINTIFF, YOUR A LYING FUCKER AND THAT BENNETT
WAS GOING TO "CELL -INN," PLAINTIFF'S LYING FUCKING ASS.

42. PLAINTIFF IMMEDIATELY HEARING THE DIRECTIVE TO "CELL-INN", BY DEFENDANT B,
BENNETT, TURNED AND WALKED INTO 2F-UNIT IN COMPLIANCE, SAYING A LOUD, "I HAVE
NOT DONE ANYTHING TO BE CELLED-INN-FOR, ENROUTE TO ASSIGNED CELL # 113, ONLY
TO BE STOPPED BY 2F-UNIT'S CLOSED CRASH-GATE OPERATED BY ARMSTRONG WHOM
BACKED AWAY FROM THE OFFICER'S CONTROLL-PANEL TO ARM HERSELF ( SEE
PLAINTIFF'S EXHIBIT No #4)), at page 25:

43. PLAINTIFF TURNED AROUND TO OBSERVE DEFENDANTS BENNETT AND BROOKS
CHARGING TOWARDS PLAINTIFF, WITHOUT WARNING OR JUSTIFICATION DEFENDANT
BENNETT UNNECCESSARILY AND WANTO ADMINISTERED A ARMED FIST BLOW TO PLAINTIFFS
FACIAL CHEEK, YELLING YOU DONT WALK AWAY FROM ME, WHILE IAM TALKING TOO YOU,
WHILE ADMINISTERING A SECOND ARMED FIST BLOW MALICIOUS AND SADISTICALLY
WHEN PLAINTIFF INVOLUNTARILY RAISED OPEN PALM HANDS TO PROTECT HIMSELF,

VII                    STATEMENT OF FACTS

44. PLAINTIFF'S PLEA(S) AND CRYS "TO HOLD-ON, WAIT-A-MINUTE," WAS MET WITH
    DEFENDANT B. BROOKS EXTENDING ARMED HAND-HELD CANISTER OF CHEMICAL AGENT
    FROM THE REAR OF BENNETT/ BEHIND BENNETT, WITHOUT WARNING, JUSTIFICATION,
    DEFENDANT B. BROOKS UNNECCESSARILY WANTON APPLIED EXCESSIVE USE OF FORCE
    IN DISCHARGING A SIX SECOND BURST OF CHEMICAL AGENT ON PLAINTIFF MALICIOUS AND
    SADISTICALLY TO CAUSE BENNETT TO YELL "NO. SPRAY, NO. SPRAY. NO SPRAY."

45. DEFENDANT BENNETT LOWERED HIS HEAD AN CHARGED - RUSHED INTO PLAINTIFF
    USING THE TOPP OF HIS HEAD AS RAMMING WEAPON, YELLING TO B. BROOKS CALL-
    IN ASSAULT ON STAFF, CALL ASSAULT ON STAFF / STAFF ASSAULT. STAFF ASSAULT,
    WHEN PLAINTIFF WENT LIMP AND ALLOWED BENNETT TO TOPPLE PLAINTIFF IN A FALL,

46. WHILE PLAINTIFF NEVER CLOSED HIS FINGERS TO FORM A FIST, IT IS POSSIBLE THAT
    PLAINTIFF'S THINN FINGER-NAILS SCRATCHED DEFENDANT BENNETT, IN PLAINTIFF'S
    REACTION TO SHEILD-OFF BENNETT'S BLOWS AS WELL PUSH DEFENDANT BENNETT AWAY
    FROM PLAINTIFF UNTIL TWO (2) OF PLAINTIFF'S FINGER'S BECAME LODGED INTO BENNETT'S
    EYE SOCKET AT THE CORNER OF THE WALL ON 2F-UNIT'S FLOOR, WHILE BENNETT ON TOP
    OF PLAINTIFF'S TORSO, BACK TO THE FLOOR, RESULTING FROM THE FALL OF BOTH INDIVIDUALS,

47. DEFENDANT BENNETT COMMAND, ARMSTRONG OR DEFENDANT C. BUTT RAM TO PULL
    PLAINTIFF'S RING-FINGER AND PINKY (OR) LITTLE FINGER OUT OF BENNETT'S EYE SOCKET,
    AND PLACE WRIST RESTRAINTS ON PLAINTIFF'S LEFT AND RIGHT WRIST, WHILE DEFENDANT
    BENNETT REMAINED HOLDING PLAINTIFF TO THE FLOOR, AWAITING THE ARRIVAL OF RESPONDERS,

48. FIRST ARRIVING IN 2F-UNIT DEFENDANT F. RANGEL WHOM WANTON UNNECCESSARILY
    MALICIOUS AND SADISTICALLY RUSHED TO THE SIDE AND BEGIN KICKING, A NONE RESIST-
    ING, RESTRAINED PLAINTIFF IN THE FACE AND HEAD WITH RANGEL'S BOOT SOLE AND FOOT.

VII.                    STATEMENT OF FACTS

WHILE YELLING TO PLAINTIFF, "DONT LOOK AT ME, STOPP-MOVING, LIE STILL," EMPLOY-
ING EXCESSIVE USE OF FORCE IN BAD FAITH TO INFLICT PAIN AND CAUSE HARM TO
PLAINTIFF, (SEE PLAINTIFF'S EXHIBIT No.#5(b); ATTACHED HERE TO )), at page 27:

49, SECOND, THIRD AND FOURTH ARRIVING TO 2F-UNIT, DEFENDANTS J. BEAMONT, L.CONE
AND G. DURHAM BEGUN PLUMMETTING BLOWS TO PLAINTIFF'S PENIS, TESTICLES AND
RIBS, YELLING A BOGUS DIRECTIVE TO STOPP FIGHTING, STOPP-MOVING, WHEN A ORDER WAS
GIVEN TO STOPP AND TURN PLAINTIFF OVER ON TO HIS STOMACH AREA, ON THE FLOOR.

50, PLAINTIFF'S RESTRAINTS ON BOTH OF HIS WRIST, ONE WAS UNLOCKED AND THE NAMED
HEREIN DEFENDANTS ROLLED PLAINTIFF AND SECURED BOTH WRIST BEHIND PLAINTIFF'S
BACK, A FIFTH AND SIXTH DEFENDANT(S) ARRIVED INSIDE 2F-UNIT, DEFENDANT(S) K.
MCNULTY AND J. RODRIQUEZ, (SEE PLAINTIFF'S EXHIBIT No.#5(b); at page 27!

51, ONCE EXTREMELY TIGHT WRIST RESTRAINTS WAS DOUBLED-LOCKED BEHIND PLAINTIFF'S
BACK, DEFENDANT(S) BENNETT, RANGEL, RODRIQUEZ, MCNULTY, DURHAM, BEAUMONT
EMPLOYEED A BOMBARDMENT OF EXCESSIVE PHYSICAL FORCE IN CLOSED FIST BLOWS, KNEE
CAPP-THRUST, CHOPPS AND CONTORTIONS WANTONLY UNNECCESSARILY MALICIOUS AND
SADISTICALLY FOR THE VERY PURPOSE TO CAUSE PLAINTIFF HARM AND INFLICT PAIN UPON
PLAINTIFF FOR MORE THAN ONE HUNDRED AND NINETY SECOND(S) OF BRUTALLITY.
(SEE PLAINTIFF'S EXHIBIT No.#5(b) with EXHIBIT No.#4; ATTACHED HERE TO )),

52, PLAINTIFF HEARD EACH DEFENDANT YELLING A DIFFERENT DIRECTIVES, CONSTANTLY
ADMINISTERING BLOWS TO PLAINTIFF, WHERE ABRAISIONS, CONTUSIONS, EDMA AND
LACERATION(S) WERE SUSTAINED/OBTAINED UPON PLAINTIFF'S RESTRAINED HELD-IN
PLACE ANATOMY, CAUSING PLAINTIFF ENDURE EXTREME-INTENSIFIED TRAMMAH,
STAGNATION, DISORIENTATION-SLUGGISHNESS AND SHOCK,

# STATEMENT OF FACTS

VII.

53 UPON ARRIVAL OF DSU/IMU-TEAM DEFENDANT(S) J.OLIVE, C. NEAL, J. LLOYD, P. LET-TUNICH, D. HANDSEN, C. MOOTHART, J. CARJAL, A. JOHNSON, C. HUSTON, C. FORD, J. SCOTT, UNDER SUPERVISION AND COMMAND OF DEFENDANT W. KING WHOM ORDERED THAT PLAINTIFF BE "STAND-UP" AND DELIVERED TO KING, IN COMPLEX TWO CORRIDOR. (A VIDEO TAPED RECORDED FOOTAGE WAS MADE HERE )), FIRST OPPORTUNE TO STAND.

54. UPON BEING ESCORTED INTO COMPLEX-2, CORRIDOR HALLWAY OF SRCI. WHERE DEF. W. KING COMMANDED DSU/IMU TEAM-DEFENDANT(S) TO SECURE LEGG-IRONS ONTO PLAINTIFF'S ANKLES AS WELL SECURE A SPITT-HOOD, ONTO PLAINTIFF'S HEAD RESTRICTING VISIBILITY, THEN WITHOUT WARNING OR WARRANTED JUSTIFICATION, KING ORDERED, "PUT HIM TO THE FLOOR", (SEE PLAINTIFF'S EXHIBIT No. #1 HALL WAY STAR #3. ATTACHED HERE TO )).

55. INSTANTLY DEF. (S) NEAL AND LLOYD, STRUCK PLAINTIFF WITH CLOSED FIST BLOWS TO THE TORSO/KIDNEY AREA, WHILE DEF. (S) OLIVE AND D. HANDSEN STRUCK PLAINTIFF ATOPP OF HIS HOODED HEAD, ON THE FLOOR, BLOWS WERE PLUMMETTED FROM AROUND THE EXPOSED AREAS OF PLAINTIFF'S BODY FROM A ROTATION OF DEFENDANT(S), NAMED HERE IN.

56. DEFENDANT W. KING COMMANDED A RESTRAINED COMPLIANT PLAINTIFF BE "STAND-HIM-UP," AND INSTANTLY THE EXCESSIVE USE OF PHYSICAL FORCE WANTON WAS HELD IN ABEYANCE, DEF. W. KING WARNS PLAINTIFF, ANY AGGRESSIVE MOVEMENT, REFUSAL TO WALK, WILL IMMEDIATELY BE RESPONDED TO WITH THE TEAM PUTTING PLAINTIFF TO THE WALL OR FLOOR WITH PHYSICAL USE OF FORCE UNTIL COMPLIANCE IS OBTAINED.

57. DEF. W. KING COMMANDED PLAINTIFF TO WALK, ONLY TO HAVE DEF. (S) LLOYD AND C. NEAL ENTER-LOCK THEIR FORE ARMS INSIDE PLAINTIFF'S RESTRAINED ELBOWS TO "QUICK-STEPP, PLAINTIFF'S RESTRAINED PACE OF WALK," TOWING PLAINTIFF TO THE FLOOR."

## STATEMENT OF FACTS

VII.

58. PLAINTIFF IS HELD EXTENDEDLY BY DEF(S) LLOYD, C.NEAL AND J.RODRIQUEZ AS UNNECESSARY, WANTON EXCESSIVE PHYSICAL FORCE IS MALICIOUSLY AND SADISTICALLY INFLICTED UPON PLAINTIFF FOR THE SOLE PURPOSE OF CAUSING HARM AND INTENSE PAIN BY (DEF(S) OLIVE, BENNETT, MOOTHART, LETTUNICH, BUTTRAM, CONE, HANDSEN, HUSTON, CARJAL, RANGEL, JOHNSON, FORD, DURHAM, AND MCNULTY, BEAUMONT, (SEE PLAINTIFF's EXHIBIT No. "1, FOURTH, FIFTH AND SIX STAR(S) WITH No. "5 (b) HERE TO ATTACHED, UNTIL DEF W. KING COMMANDED STAND HIM UP — WALK ... Pages 22, 27)).

59. DEF(S) LLOYD AND C.NEAL CONTINUED TO DRAGG OR TOW PLAINTIFF TO THE FLOOR, SOLELY FOR WANTON CO-ESCORTING DEFENDANTS TO EMPLOY MALICIOUS AND SADISTIC UNNECESSARY EXCESSIVE FORCE TO FULL RESTRAINTED HALF BLIND PLAINTIFF, BEING HELD IN POSITION TO ALLOW "BIGG DAWGS TOO EAT OF HIS ANATOMY", WHILE

60. THE UNKNOWN JOHN DOE VIDEO-CAMERA OFFICIAL REMAIN BEHIND A MOVING HUMAN WALL OF BACKSIDES AND LEGG, FOLLOWING CO-DEFENDANTS, TO CONSEAL OR/AND SOME HOW HIDE THE CO-ESCORTING BRUTALIZERS AS WELL THE ACTUAL TEAM-ESCORTING NAMED DEFENDANTS AS OPPOSED TO BEING IN FRONT / AHEAD OF PLAINTFF.

61. PLAINTIFF's EXCESSIVE FORCE ESCORT WAS OBSERVED BY SEVERAL OFFICIALS WHOM PRESENTS THERE WAS NOT TO INTERVENE BUT TO AIDE IN CONSEALING THE BEATING IN RESTRAINTS WHILE HELD IN POSITION FOR MORE THAN 120 SECONDS, UNNECESSARILY AND WANTON MALICIOUS AND SADISTICALLY. FOUR TIMES IN SRCI CORRIDOR HALLWAY.

62. PLAINTIFF NEVER REFUSED TO WALK, DEFENDANTS LLOYD AND NEAL, HANDSEN AND MOOTHART PULLED/TOWED PLAINTIFF TO THE FLOOR TO BE BEATEN EXCESSIVELY IN RESTRAINTS UNNECESSARILY WANTON MALICIOUS AND SADISTICALLY TO HARM PLAINTIFF,

VII.                    STATEMENT OF FACTS

63. PLAINTIFF WAS "QUICK-STEPPED AND TOWED To COMPLEX TWO CORRIDOR HALL WAY FLOOR
    IN THREE (3) DIFFERENT LOCATIONS, WHERE WANTONLY DEFENDANT(S) RUSHED UP ON
    HIS HELD PRONE, NONE RESISTING, RESTRAINED ANATOMY AN BRUTALLY EMPLOYEED 120
    SECONDS OR MORE EXCESSIVE PHYSICAL UNNECESSARY MALICIOUS AND SADISTIC
    BOMBARDMENT of CLOSED FIST BLOWS, CHOPPS, CONTORTIONS, KICKS, KNEE-THRUST
    TO CAUSE HARM AND PAIN, WHILE YELLING DIFFERENT DIRECTIVES BOGUSLY,

64. PLAINTIFF WAS STRUCK 35 To 50 CLOSED FIST BLOWS UPON HIS HOOD-COVERED
    RIGHT EYE SOCKET, EACH-TOW-DOWNS BY DEFENDANT BENNETT. EACH "QUICK-
    STEPP," DEFENDANT B. BENNETT TARGETED AND AIMED MULTIPLE CLOSED FIST BLOWS
    To RESTRAINED PLAINTIFFS RIGHT EYE SOCKET ONLY, MALICIOUS AND SADISTICALLY
    WANTON AND UNNECESSARY,

65. DEFENDANT W. KING, COMMANDED / DECLARED "ENOUGH," HE IS BLEEDING THICK AND
    HEAVILY NOW. PICK HIM UP AND PUT HIM IN THAT WHEELED RESTRAINT CHAIR, TAKE
    A PICTURE BEFORE AND AFTER THAT SPITT-HOOD COMES OFF HIS HEAD, AND EVERY
    OFFICER INVOLYED HERE INN THIS INCIDENT, NAMES NEED To BE ON MY DESK BE-
    FORE THIS SHIFT ENDS, NOW TAKE INMATE FUDGE To THE INFIRMARY.

66. PLAINTIFF RECEIVED HIS MOUTH FLUSHED-OUT WITH WATER AND DRIED WITH GALZE OR
    GAUSE MEDICAL CLOTH To DETERMINE HOW SERIOUS AND LOCATION THE ORIGIN OF BLOOD
    FLOWED FROM HIS GUMS AND SPLITT LOWER LIPP, BRUISED NOSE, RIGHT EYE SWOLLEN SHUT,
    CONTUSIONS ALL AROUND THE FACE AND HEAD, KNOTTS ON THE SHOULDER, Both wrist
    HADD LACERATED IN DENTATIONAL ABRASIONS FROM EXTREMELY TIGHT HANDCUFFS BEING
    USED AS WEAPONS, INSIDE BOTH PLAINTIFF'S PALMS PURPLE/BLACK BRUISED BLOOD FROM
    DEF. BUTTRAM CONTORTING PLAINTIFF'S THUMB AND DIGETS UPON EACH TOW-DOWN,

## STATEMENT OF FACTS

VII.

67. PLAINTIFF SUFFERED INTENSE PAIN, ABRAIONS AND BRUISES TO HIS PENIS AND TESTICLES, THAT NURSE REFUSED TO EXAMINE IN THE PRESENTS OF DEFENDANT(S), PLAINTIFF SUFFERED EDHA OR EDEMA WITH LACERATIONS – INDENTATION OF BOTH ANKLES FROM EXTREMELY TIGHT LEGG-IRONS DEF. J. RODRIQUEZ CAN BE SEEN PULLING THE CHAIN-LINK CONNECTING EACH SHACKLE, TO EXTEND PLAINTIFF OUT OF THE FETAL POSITION ON VIDEO-RECORDED FOOTAGE, HE SUFFERS BACK PAIN,

68. PLAINTIFF RECEIVED THREE (3) TABLETT(S)/OR PILLS FOR PAIN WITH WATER AND SCHEDULING FOR OPTICAL/VISION EXAMINATION – LEAVING PLAINTIFF SUFFERING WITH MIGRAINE HEADACHES AS WELL ADDITIONAL VISION IMPAIRMENT – ON-GOING,

69. DEF. J. OLIVE, DSU/IMU-TEAM DECIDED TOO CONTINUE HIS CRUEL AND UNUSUAL PUNISHMENTS UPON PLAINTIFF BY REFUSING TO FEED PLAINTIFF BREAKFAST AND LUNCH MEALS FORCING ONE (1) MEAL PER DAY "CRASH-DIET", ON PLAINTIFF FOR THE NEXT 14-18 DAYS, NOT AFFORD-ING PLAINTIFF A DECONTAMINATION SHOWER PRIOR TO STRIPP CELL DSU HOUSING,

70. DEFENDANT J. TAYLOR HAS VIOLATED {OAR 291-109, GRIEVANCE PROCEDURES REPEATEDLY TO BRING PLAINTIFF'S SUBMITTED TIMELY GRIEVANCE(S) TO A DEAD END, THWART OR OUTRIGHT DENIAL OR A STAPLE RETURN TO PROVIDE A BLANKET OF PROTECTION TO WRONG-DOERS, TELLING PLAINTIFF THAT HE NOR THESE OFFICER(S) LIKE PAPER WORK AN WRITING GRIEVANCE(S) IS A NEGATIVE ACTIVITY TO ENGAGE INN, WHILE PREVENTING PLAINTIFF'S SUBMITTED GRIEVANCE(S) NON-AVAILABLE PROCESS/REMEDY,

71. PLAINTIFF SUFFERED BRUISED BLOOD, SWELLING AND INTENSE PAIN IN HIS FEET AFTER HAVING HIS FOOT AND TOES CONTORTED, PURPLE/BLACK BLOOD WAS VISIBLE ON THE SOLES OR BOTTOM OF HIS FEET FROM DEFENDANT J. RODRIQUEZ AND JOHN/JANE DOES TWISTING OF HIS TOES AND BENDING THEM BACKWARDS AGAINST LEGG-IRONS MALICIOUS AND SADISTICALLY SOLELY FOR THE VERY PURPOSE OF CAUSING HARM AND INFLICTING PAIN,

# CAUSE OF ACTION

VIII.

72. DEFENDANT JAMES TAYLOR HAS ACTED WITH DELIBERATE INDIFFERENCE TO ABRIDGE, THWART, PREVENT OR/AND DENY PLAINTIFF THE ADMINISTRATIVE PROCESS OF GRIEVANCE (S) WHILE SETTING EFFORTS TO DENY PLAINTIFF ACCESS TO THE COURTS, VIOLATING THE UNITED STATES CONSTI- TUTIONS ARTICLE 1 § 1st, 5th AND 14th AMENDMENTS. DENIAL OF SUBSTANTIAL DUE PROCESS OF LAW.

73. DEFENDANT NANCY ARMSTRONG, HAS ACTED DISCRIMINATORILY DELIBERATELY WITH TREATING WHITE INMATES DIFFERENT THAN SIMILAR-SITUATED BLACK INMATES, RACIAL DISCRIMINATION BY ARMSTRONG IS UNCONSTITUTIONAL UNDER THE EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTIONAL ARTICLE 1 § 5th AND 14th AMENDMENTS, FURTHER

74. DEFENDANT NANCY ARMSTRONG, ACTED MALICIOUS AND SADISTIC, UNNECESSARILY WANTON, TO COMMAND THE REMOVAL OF PLAINTIFF FROM "HER-UNIT" BY FORCE, IN VIOLATION OF PLAINTIFF'S RIGHTS PROHIBITING CRUEL AND UNUSUAL PUNISHMENT UNDER THE UNITED STATES CONSTITUTION'S ARTICLE 1 § 8th, EIGHTH AMENDMENT, (INCORPORATES PARAG 6-18 ).

75. DEFENDANT(S) BRET BENNETT, J. BEAUMONT; K. MCNULTY; J. SCOTT; B. BROOKS; C. BUTTRAM; C. NEAL; L. CONE; J. RODRIQUEZ; A. JOHNSON; J. LLOYD; G. DURHAM; J. OLIVE; D. HANDSEN; F. RANGEL; W. KING; P. LETTUNICH; C. HUSTON; C. MOOTHART; J. CARJAL; C. FORD; JOHN-JANE DOE (S) UNNESSARY WANTON MALICIOUS AND SADISTICALLY USED EXCESSIVE PHYSICAL ALSO CHEMICAL FORCE AGAINST DEPARTMENTAL POLICIES PROCEDURES &OAR 291-013, AS WELL IN VIOLATION OF PLAINTIFF'S RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT FORBIDDEN BY THE UNITED STATES CONSTITUTION'S ARTICLE 1 § 8th EIGHTH AMENDMENT, HELD TO "ALWAYS VIOLATE CONTEMPORARY STANDARD OF DECENCY. SUCH EXCESSIVE USE OF FORCE IS OF A SORT REPUGNANT TO THE CONSCIENCE OF MANKIND" ( PLAINTIFF INCORPORATES STATEMENT OF FACTS PARA- GRAPHS 31-60)),

SRCI 2F-UNIT CORRIDOR HALLWAY OF COMPLEX II TWO OF ODOC

5th

3rd

3:20PM

ENTRY
·N·
EXIT

INMATE'S
LIBRARY
k
ì - TABLETS
VIDEO VISIT

2nd

1st

HU
87·E

→ OFFICER STATION

← DOME MIRROR

WATERS

I/M
SHOWER
STALLS

1st

2:26 PM

CRASH
GATE

I/M
SHOWER
STALLS

> > FRONT DAY ROOM < <

I/Ms
HOUSING
CELLS

I/Ms
HOUSING
CELLS

D  D  D  D  D

3:15 PM

D  D  D  D  D

SPORT    T.V    T.V    MOVIE

D  D  D  D  D

D  D  D  D  D

2nd

D  D  D  D  D

D  D  D  D  D

D  D  D  D  D

D  D  D  D  D

2:42 PM

> > REAR DAY ROOM < <

2F 113
CELL
MY LOCATION

STAIR
CASE

2:32 PM

3rd

PLAINTIFF'S
EXHIBIT # 1
# 1
J.C. FUDGE #7594245

DOORS
CHAIRS  D C
STAIRS
STAFF
ME
ASSAULTS IN RESTRAINTS

FIRE EMERGENCY
EXIT DOOR

REVIEW DOME MIRROW

GAME TABLES

CALL-OUT BOARD

TELEVISION SET

Page 22

ODOC/SRCI INMATE HAND BOOK STATES
REPEATATIVELY DIRECTS INMATES To ASK THEIR UNIT OFFICER AT PAGES 6,7,8,9,11,16,18,37 '38 AND 39':

## BASIC GUIDELINES:

### *INTRODUCTION*

It is your responsibility to read and understand these instructions, as well as other materials issued to you, as you will be held accountable for the information provided within. The Housing Unit Supervising Staff are your first source of information. Issues not resolved at the housing unit level should be directed to the appropriate area indicated on the Inmate Communications Routing Chart.

Housing Unit Officers are the staff with whom you will be working most closely and who will be monitoring your actions and progress. Always consult an Officer before doing something you are unsure about.

### *ORIENTATION*

An Admission and Orientation video presentation is provided on the SRCI television 5 days a week. Please check the TV Schedule in your housing unit for specific dates and times.

### *HISTORY of SRCI*

SRCI is a multi-security facility, which opened in August 1991. Although sited for 3,000 beds, only 576 medium security and 72 minimum-security beds were constructed in Phase I. In 1994, the Oregon Legislative Assembly approved construction of the remaining 2,352 beds at a cost of $175 million, representing the largest state general funded public works project in state history.

The recently completed institution is the largest prison in Oregon with 2,336 medium security beds, 154 minimum-security beds, and 510 special housing beds (administrative segregation, disciplinary segregation, intensive management, infirmary and special management units). The expanded prison has several unique features such as decentralized inmate services that enable the department to separate various offenders into discrete housing units. It also has a comprehensive corridor system, connecting housing, program and work areas so that inmates can move from one area to another at all times of day under all types of weather conditions.

## EXPECTATIONS OF INMATE BEHAVIOR:

### *BASIC EXPECTATIONS*
- Do your own time
- Follow DOC rules and staff directives
- Show respect for others, inmate and staff
- If a problem comes up, ask your housing unit officers, shift sergeant, or shift lieutenant for assistance.

### *INMATE IDENTIFICATION (ID) CARDS*
You will be issued a permanent photo ID card upon entering the intake center. You will wear your ID card on your person at all times, properly displayed. When moving about the institution you are to wear your ID card clipped to your outer most garment in the area of the upper left chest. Be sure to maintain it in good condition. If a staff member should tell you to surrender your ID card, you are required to do so promptly.



# GRIEVANCE RESPONSE FORM

<u>**TO BE FILLED OUT BY STAFF**</u>                     <u>Grievance #</u>  SRCI.2017.11.054

TO: Fudge, James                         7994245
      Inmate Name                          SID #

FROM: Officer N. Armstrong
                          Staff Member

1.  List, in detail, action(s) taken. (What action was taken?  Was the action what the inmate requested?  If not, why?  Who took the action?  When was the action taken – date/time?)

Inmate Fudge I am happy to respond to your allegation regarding Saturday Oct. 28th. While I understand, you have your perspective of what occurred I would like to share with you what I observed.

On October 28th while I and the 2nd shift officer were conversing and doing our pass down, you interrupted our conversation and demanded the channel on the television be changed. At which time I asked you to have a seat and wait until we were done talking and I would address your issues. You did take a seat, when I called you up after we were through to ask you what you needed, you again demanded that I change the channel. I informed you that when I had everything in order that I would check the channels for you. Then as I remember it you looked at me and stated in a very angry and demanding tone "No I'll tell you how you are going to run your unit!" and again demanded the channels be changed. I once again informed you that is not how things are done and to take a seat.

It clearly states in the inmate hand book that the televisions in the day room will be controlled by the officer and set to prescribed channels. It is up to the officer to adjust the channels if the set schedule is not available. At no time did I or would I raise my voice to yell at you or any Inmate at any time, as for (discriminatory banishment) it also clearly states in the inmate hand book that all inmates will remain seated and away from the officers station unless conducting business with the officer. I was not singling you out I was informing you of the rules and policies.

Thank you for bringing your concern forward. I hope this explanation resolves your issue.



Do Not Type Past This Line

11/22/2017
Date:                                                    _____
                                                          Signature of Staff member

| Sent from processing facility | Sent to inmate from current facility (if not processing facility) |
|---|---|
| | Grievance Processing |
| | NOV 3 0 2017 |
| | Sent to |
| Date Stamp | Date Stamp |

                                                          _____
                                                          Signature of Supervisor (Print/Sign)

Distribution:
White (Original grievance response form)
Yellow (Grievance file copy)
Pink (Inmate receipt after processed)

page 24



STATE OF OREGON
DEPARTMENT OF CORRECTIONS
Snake River Correctional Institution
777 Stanton Blvd.
Ontario, Oregon 97914

DATE:       October 28, 2017

TO:         Mr. Bell, Assistant Superintendent of Security

FROM:       Officer N. Armstrong #19485

SUBJECT:    Inmate Fudge, James #7994245

   Sergeant B. Bennett entered my unit (2-F) at approximately 3:20 PM on October 28, 2017, and I was able to let him know about a verbal altercation with Inmate Fudge, and that I had instructed him to talk with the sergeant at chow. When Inmate Fudge saw Sergeant Bennett enter the unit he came up to the crash gate and continued to say "we need to talk." Sergeant Bennett Said that he would take him out to the corridor and talk to him right now. I opened the crash gate and watched Inmate Fudge exit the unit to the corridor with Sergeant Bennett. Shortly after that I spotted a reflection of Inmate Fudge backing into the unit shouting at staff. As I prepared to defend myself from Inmate Fudge, he lunged and attacked Sergeant Bennett. I turned my attention to my housing unit and began securing my dayroom to avoid any other inmate issues. Once my dayroom was secured, I looked over and officers had restrained Inmate Fudge, on the floor.

Respectfully N. Armstrong



# OREGON DEPARTMENT OF CORRECTIONS
## MISCONDUCT REPORT

CASE # _____

Name: Fudge,          James          SID # 7994245          Housing: C2-13B   Assignment: _____
     (Last,          First,          MI)

ODOC Facility: S.R.C.I.          Location of Violation: 2F Housing Unit   Date: 10/28/2017   Time: 03:25 P.M.

**Charge(s) WRITE IN THE APPROIRATE RULE(S)**

| 2.01 | Staff Assault I | Major | | 4.05 | Disturbance | Major |
|------|-----------------|-------|---|------|-------------|-------|
| Rule # | Title of Rule | Major Minor | | Rule # | Title of Rule | Major Minor |
| 2.10 | Disrespect I | Major | | | | |
| Rule # | Title of Rule | Major Minor | | Rule # | Title of Rule | Major Minor |
| 4.01 | Disobedience of an Order I | Major | | | | |
| Rule # | Title of Rule | Major Minor | | Rule # | Title of Rule | Major Minor |

Description of violation (explain how you discovered learned the facts and who, what, when, where, and how. Use continuation sheet if needed.):

    At approximately 3:20PM On 10/28/17, I was assigned as the Third Shift Complex Two Sergeant, while conducting my rounds of Complex Two Units; I was speaking Officer N. Armstrong about some issues she was having with Adult in Custody (Inmate) Inmate Fudge #7994245 being disrespectful, as officer Armstrong and I were talking Inmate Fudge was standing at the crash gate repeating over and over "we need to talk" in an attempt to get me to stop talking to Office Armstrong. I had Officer Armstrong open the crash gate when we were done talking and instructed Inmate Fudge to step into the hall. When Inmate Fudge was in the hall I asked what the issue was and he stated "THAT FUCKING BITCH DISRESPECTED ME!" and became very agitated at the question, I then questioned Inmate Fudge about his aggressive and disrespectful attitude towards the Officer Armstrong. Inmate Fudge became argumentative and even more disrespectful. I gave Inmate Fudge a verbal directive to face the wall and submit to wrist restraints which he refused to comply with. Inmate Fudge was directed to face the wall and to submit to wrist restraints by Lieutenant Beaumont and again did not comply. See attached documentation.

Disposition of Physical Evidence: _____
Staff Witnesses: _____
Immediate Action Taken: _____
Submitted by: Bret Bennett _____ Sergeant          Time: 8:00   am pm Date: 10 / 28 / 17
             Printed Name and Signature          Title

Reviewing Supervisor: Jeremy Beaumont _____ Lieutenant          Time: 8:00   am pm Date: 10   28   17
             Printed Name and Signature          Title

*******************************PLACED IN HOLDING STATUS*************************

As officer-in-charge, I have reviewed the foregoing Misconduct Report and find that the rule violation(s) is are of such a serious nature that the good order and security of the facility require immediate removal of the inmate and placement in segregation status because:

ASSAULT will Experience has shown that inmates who engage in assaultive conduct are a present and continuing threat to themselves, other inmates and staff members therefore becoming a threat to the safety and security of the institution

Placed in Segregation by: Jeremy Beaumont _____ Lieutenant          Time: 8:00   am pm Date: 10   28   17
             Printed Name and Signature          Title

Pre Hearing Segregation Approved: _____ Denied: _____ Release Ordered: _____

                      Signature          Title          Date

Inmate Copy Delivered by: Kierstead   A____   c/o          2:30pm 11-25-17
      Printed Name and Signature          Title          Time Date Served
                          CD 293D (11-95)



STATE OF OREGON
DEPARTMENT OF CORRECTIONS
Snake River Correctional Institution
777 Stanton Blvd.
Ontario, Oregon 97914

DATE:      10/31/2017
TO:        Mr. J. Bell, Assistant Superintendent of Security

FROM:      Sergeant Bret Bennett
SUBJECT:   Inmate Fudge, James # 7994245

(DR Continuation)  Inmate Fudge side stepped squaring off against staff taking a step back into the doorway of Unit F stating "Fuck you punks come get me" and "I'm not going to the hole". Inmate Fudge did this in a loud aggressive manner and as I (Sergeant Bennett) and C/O F. Rangel stepped into the door way to direct Inmate Fudge to the wall he began throwing closed fist punches towards myself, and C/O F. Rangel, we both reactively used physical force on Inmate Fudge. I ducked under a closed fist punch and took Inmate Fudge to the ground; Inmate Fudge scratched me down both sides of my face with his finger nails that had been grown out and sharpened to be used as weapons. I was taking him to the ground in an attempt to gain control his behavior.  Lieutenant Beaumont stepped in and assisted us due to Inmate Fudges combative behavior and large scale, Myself and other staff had to use closed fist punches to various areas of Inmate Fudges body due to his on-going combative behavior fighting with staff and disregarding verbal directives to "stop fighting and stop resisting".

At approximately 3:28PM a response was called via the radio for a staff assault in Complex 2 Unit F. A short burst of Oleoresin Capsicum (OC) chemical agent was reactively deployed by Officer B. Brooks which due to the contact had minimal effect on Inmate Fudge. Officer B. Brooks assessed the situation stepped away from the affected area and initiated the Incident Command System (ICS) and took command of the incident; she called for an "A" response along with a "C" level response. Officer B. Brooks ordered the lock-down of the complex utilizing the "B" responders to secure the area. At this time a "D" level response was activated due to Inmate Fudge's ongoing assaultive behavior and the need for more escorts that were not directly involved with the incident. Inmate Fudge was taken to the floor and given several verbal directives to "stop fighting and resisting staff", multiple closed fists strikes, along with a bent wrist lock was utilized in an attempt to gain compliance. Officer J. Rodriguez delivered several knee strikes to Inmate Fudge's legs to stop him from assaulting staff by kicking them. Officer C. Buttram attempted to secure one of Inmate Fudge's legs and was kicked in the chest and arm in the process; Officer L. Cone delivered one closed fist strike to Inmate Fudges groin area, Officer K. McNulty assisted in securing  Inmate Fudge's leg as he continued to attempt to assault staff by kicking at staff. Sergeant N. Johnson, Officer G. Durham, and Officer P. Lettunich responded as the "C" Level response from Complex Three, assisted with gaining control of Inmate Fudge who continued to be combative with staff attempting to kick staff members. Multiple closed fist strikes were utilized before Inmate Fudge submitted to wrist and legs restraints, a spit mask was applied, and staffs directly involved with the assault were removed from the escort and area. At this time a transfer of command was utilized, I assumed Command of the Incident after a face-to-face briefing with Officer B. Brooks.

Page 27



*Issued the 2nd page on 11/28/17 @ 9:48*

PLAINTIFF'S
EXHIBIT #50
...

# GRIEVANCE RESPONSE FORM

<u>TO BE FILLED OUT BY STAFF</u>                Grievance # SRCI.2017.11.104

TO: Fudge, James                          7994245
_____     _____
Inmate Name                                SID #

FROM: Sgt. B. Bennett
_____
Staff Member

1. List, in detail, action(s) taken.  (What action was taken?  Was the action what the inmate requested?  If not, why?  Who took the action?  When was the action taken -- date/time?)

Inmate Fudge I am happy to respond to your allegation regarding Saturday Oct. 28th. While I understand, you have your perspective of what occurred I would like to share with you my perspective of those events.

Mr. Fudge as I recall the events that happened on 11/28/2017 they are completely different to what you have stated. As officer Armstrong and I were talking you were standing at the crash gate repeating over and over "we need to talk" in an attempt to get me to stop talking to Office Armstrong. I had Officer Armstrong open the crash gate when we were done talking and instructed you to step into the hall. When you were in the hall I asked what the issue was and you stated "THAT FUCKING BITCH DISRESPECTED ME!" and became very agitated at the question, I then questioned you about your aggressive and disrespectful attitude towards the Officer Armstrong. At that time you became argumentative and even more disrespectful. I gave you a verbal order to face the wall and submit to wrist restraints which you refused to comply with. Mr. Fudge you then squared off against staff taking a step back into the doorway of Unit F stating "Fuck you punks come get me" and "I'm not going to the hole".

Mr. Fudge you did this in a loud and very aggressive manner. As I stepped into F unit's door way to once again direct you to the wall and submit to restraints. Mr Fudge you yelled (FUCK IT) while charging at me and began to throw closed fist punches at me, only then did I reactively used physical force. As I ducked under a closed fist punch and took you to the ground; you grabbed on to the back of my head as we were going to the ground scratching me down both sides of my face with your finger nails that had been grown out and sharpened to be used as weapons. I was taking you to the ground in an attempt to gain control your assaultive and extremely aggressive behavior.

Thank you for bringing your concern forward. I hope this explanation resolves your issue

PLAINTIFF'S
EXHIBIT
# 6

**Do Not Type Past This Line**

11/30/2017
_____
Date:                                      _____
                                           Signature of Staff member

| Sent from processing facility | Sent to inmate from current facility (if not processing facility | Received by SRCI Grievance Processing DEC 05 2017 |

_____
T E morthorst
Signature of Supervisor (Print/Sign)

Page 28

Distribution:
White (Original grievance response form)
Yellow (Grievance file copy)
Pink (Inmate receipt after processed)

Sent to _____

Date Stamp                Date Stamp



# Oregon

Kate Brown, Governor

**Oregon Department of Corrections**
Office of the Inspector Genereal
2575 Center Street NE
Salem, OR 97301-4667
Voice: 503-945-0927
Fax: 503-373-1173



December 21, 2017

James Charles Fudge, SID# 7994245
Snake River Correctional Institution
777 Stanton Blvd.
Ontario, OR 97914-0595

Dear Inmate Fudge,

I have received your written communication, dated 12/07/2017, and have reviewed your requests.

To request an administrative review of your administrative misconduct case, you will need to submit your request on a CD1442 (attached).

Your request that "stress testing be conducted on principal and secondary officials involved in the Sat. Oct 28th, 2017 complex 2 incident at SRCI of ODOC" has been received and is noted.

Your request for "all kytes, memos, still photographic record lodged in the case 1711 be forwarded one (1) free copy at the government's expense" has been forwarded to our public records officer for processing. You can expect a letter from her letting you know what you will need to do to request public records.

Sincerely,

Melissa Nofziger
Assistant Inspector General

cc: Public Records Officer
    File



I/M EXHIBIT
R-R # 11
# 11
FUDGE, J.C.



STATE OF OREGON
DEPARTMENT OF CORRECTIONS

INTEROFFICE MEMO   REC 'D FRI, MAY 11, 20

**DATE:** May 4, 2018

**TO:**   James Fudge, SID 7994245
Snake River Correctional Institution

**FROM:**   Crystal Archdeacon, Legal Coordinator
Office of the Inspector General

**SUBJECT:**  Public Records Request
This memorandum is in further response to your December 15, 2017 request for the following
records:

- Copies of all kytes, memos, still photographic record lodged in case 1711 be forwarded

Below is the Department of Corrections' estimate of its fees for processing your request and
making copies of nonexempt records available to you:

| | | | | |
|---|---|---|---|---|
| Process Request | .25 | x | 25.00 | = $6.25 |
| Search/Gather Records | .25 | x | 25.00 | = $6.25 |
| Review/Redact | 2 hours | x | 25.00 | = $50.00 |
| Copy/Media Costs | 68 pages | x | $0.07 | = $4.76 |

Minus first half hour waived – $12.50

Total – $54.76

In your first communication you listed the hearing number as 1711, see attached. The above
fee estimate is for hearings case 1710 SRCI 0151 SRCI 17 as I was able to determine you made
an error with the case number in you request.

Under the Public Records Law and DOC's administrative rules you must prepay to the
department its estimated fees before the department will process your request. As of March
2, 2018, 2018, you have $1.07 on your trust account. You must have sufficient funds on your
inmate trust account and a CD28 must clear before work will begin on your request. Please
return a copy of this letter with a CD28 for the above amount to: Office of the Inspector
General, Attention: Crystal Archdeacon, Legal Coordinator 2575 Center Street NE, Salem OR
97301.

If the amount you prepay to the department exceeds our actual costs any difference will be
refunded to you. If our actual costs are higher than our estimate you will be required to pay
an amount reflecting those additional costs before we complete the processing of your
request.

Page 30

PLAINTIFF'S EXHIBIT *8

Upon review, the department may determine that the documents are exempt from



# Oregon

Kate Brown, Governor

**Department of Administrative Services**
Enterprise Goods & Services - Risk Management
PO Box12009
Salem, Oregon 97309
PHONE: 503-373-7475
FAX: 503-373-7337

June 29, 2018

JAMES C. FUDGE
SID# 7994245
SRCI
777 STANTON BLVD
ONTARIO, OR 97914

Re: Claim Number: L164092
    Date of loss:    October 28, 2017 referenced

## NOTICE OF DENIAL

No liability was found on the part of the State of Oregon, its officers, agents, or employees. We must deny your claim.

State Risk Management is not part of Oregon Department of Corrections (ODOC). We do not oversee the ODOC personnel or their decisions regarding inmate supervision, discipline, services, housing, staff actions, or processing related inmate grievances. Nor are we involved in, and do not oversee Habeas Corpus actions or appeals; as applicable.

You will need to alert the appropriate Corrections personnel to your concerns that may arise; and utilize the available ODOC grievance process, as necessary and applicable.

We regret any hardship or inconvenience for you. However, regarding your tort claim for damages, the Department of Corrections management level investigation concluded that no compensable loss or injury resulted. Based on our review of their findings, your claim must be denied in its entirety.

We have closed our file.

INMATE CLAIMS UNIT



Page 31

## OREGON DEPARTMENT OF CORRECTIONS

**To:** U.S. DIST. CT  CLERK OFFICE  **INMATE COMMUNICATION FORM**  WITHHELD LEGAL PAPERS/ACTION

**C/O:** Property Officer J. Kempas of TRCI/DSU    **Date:** Mon. June 17th, 2019 @ ODOC/TRCI/DSU

State your issue in detail: This is a THIRD (3rd) written Request For MY Pending Legal Material(s) Since arriving at (TRCI of ODOC/DSU) on Tuesday June 11th, 2019, Located at 82911 Beach Access, Rd Umatilla, Oregon 97882, in less than Seven (7) Calendar Days, (TRC D Property Officer J. Kempas has approached my assigned cell location to inform me that, "I am NOT getting that stuff inside the cell with me;" Referrencing Legal Material as that "stuff"

Mr. Kempas Sir, Please allow me to possess and obtain the following legal material.

- Administrative Review Document (s) CD 1442/with labled (Petitioner's Exhibits *#1 thru *7). 06/07/2019
- Application For Forma Pauperis to Proceed 42 U.S.C § 1915 with 6 month Account Ledger
- Civil Action 42. U.S.C § 1983 with copies and labled (Plaintiff's Exhibits #1-*10).
- Arkansas Executive Clemency Application with copies, (3) encluded.
- Jury Trial Transcript CR99-1102 Volumes 4,5; James Charles Fudge Vs State of Ark;

Mr. Kempas, Because you have informed me that you are NOT A LAWYER and Don't Know what any of this above, mean nor what it is. This Request is being Forwarded to other office (s) in humble effort to get you some help. Being as you stated "your only one (1) man."
I will be forwarding this request most urgently.          THANK YOU INADVANCE SINCERELY
CC: Oregon Instpector General Agent
  : Oregon DOC Security Threat Admin          *James Charles Fudge 7994245*
  : Oregon U.S. Dist. Court Clerk's Office          06-17-2019
  : Oregon State Attorney General's Office

| Inmate Committed Name (first middle last) | SID# | Housing Unit |
|---|---|---|
| James Charles Fudge / JAMES CHARLES FUDGE | 7994245 | DSU/15-104 Bravo |

Response/Action Taken: _____

_____

_____

_____

_____

_____

_____

_____

Date Received: _____    Referred To*: _____

Date Answered: _____    Signature of Staff Member: _____
*If forwarded, please notify the inmate

CD 214 (12/04)

## DECLARATION

### ( OR CP RULE 1E )

I, JAMES CHARLES FUDGE, SID NO # 7994245 DO, HERE BY DECLARE AND SAY THAT OREGON DEPARTMENT OF CORRECTIONS/SECURITY THREAT ADMINISTRATOR GREG JONES HAS ACCEPTED THE ROLE, RESPONSIBILITY AND DUTY TO DIRECT REPRISALS AN REVENGE AGAINST ME IN RELATIONS TO (a), MY CRIMINAL CONVICTION OF MURDERING MY WIFE, (b) BATTERY CONVICTION (S) AGAINST FEMALES (c) BATTERY MISCONDUCT REPORTS ON FEMALE SECURITY STAFF OUT OF ANOTHER STATE. MR. JONES AND HIS (SIC) EVIL MOTIVE TO DIRECT, HOSTILE AND IMMINENT DANGEROUS PRISON SETTINGS BY DISCLOSURE OF EXAGGERATED FACTS MENTIONED ABOVE, THAT HAVE BEEN AFFORDED TO GANG-MEMBER(S) TO HAVE ME ASSAULTED, AS WELL TARGETED BY FEMALE AND MALE SECURITY STAFF, THIS VERY CIVIL COMPLAINT HERE IN IS DIRECT RESULT OF, MR. JONES BEGAN HIS REVENGE BEFORE I ARRIVED IN THE STATE OF OREGON, BY TELEPHONE CONTACT TO PAHRUMP, NEVADA AND DEMANDING THOSE OFFICIALS SEGREGATE ME IMMEDIATELY. SOLELY FOR PUNISHMENT FOR PAST HISTORY OFFENSES ON FEMALES, MR. JONES DIRECTS SECURITY CAPTAINS WHAT AND WHO HE WANTS BRUTALIZED AND TORTURED AND THAT ORDER FALLS DOWN THE CHAIN OF COMMAND TO EVIL INDIVIDUALS SUCH AS NANCY ARMSTRONG AND BRET BENNETT, JEREMY BEAUMONT, I HEREBY FURTHER DECLARE THAT SUCH WANTON PUT ME IN IMMINENT DANGER AND THE STATEMENTS HERE IN IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.

EXECUTED THIS 9th DAY OF JULY 2019

*James Charles Fudge 7994245*
JAMES CHARLES FUDGE 7994245
7994245