IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JAMES CHARLES FUDGE,

    Plaintiff,

v.

BRET BENNETT, NANCY ARMSTRONG, JEREMY BEAUMONT, K. MCNULTY, J. SCOTT, B. BROOKS, C. BUTTRAM, C. NEAL, L. CONE, J. RODRIQUEZ, A. JOHNSON, G. DURHAM, J. OLIVE, D. HANDSEN, F. RANGEL, W. KING, P. LETTUNICH, J. TAYLOR, C. HUSTON, C. MOOTHART, E. CARBAJAL, JR., C. FORD,

    Defendants.

No. 2:19-cv-01102-SB

OPINION AND ORDER

MOSMAN, J.,

This case is before me on Plaintiff James Charles Fudge's Motion for Preliminary Injunction or Temporary Restraining Order [ECF 119]. For the reasons discussed below, I deny the motion.

**DISCUSSION**

Plaintiff alleges that Oregon Department of Correction's ("ODOC") Operations Manager of the Office of Population Management—Greg Jones—approved Plaintiff's transfer to an Intensive Management Unit ("IMU") "for purpose of vengeance, revenge, reprisal, and gross

1 – OPINION AND ORDER

retaliation for acts in gender bias against Plaintiff." Fudge Decl. [ECF 120] at 1–2. Plaintiff also alleges that Jones has labeled him "a woman killer." *Id.* at 2. Plaintiff is being placed in an IMU due to being deemed high-risk after three weapons capable of inflicting lethal injury were found either on Plaintiff's person or in his solo cell. *See* Jones Decl. [ECF 123].

The Ninth Circuit in *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, stated "[a] court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." 810 F.3d 631, 633 (9th Cir. 2015).

The Court cannot grant Plaintiff the relief he seeks in his motion. Plaintiff's complaint in this case stems from a 2017 use of force. Compl. [ECF 2]. The complaint does not discuss a 2022 transfer to an IMU. *Id.* The complaint raises no retaliation claim or a claim for injunctive relief like Plaintiff raises in the instant motion. Further, as the case caption reveals, the individual Plaintiff seeks relief against—Greg Jones—is not a named defendant in this case. Therefore, "the court does not have the authority" to issue the relief Plaintiff seeks. *Pac. Radiation Oncology*, 810 F.3d at 633.

## CONCLUSION

For the reasons discussed above, I DENY Plaintiff's Motion for Preliminary Injunction or Temporary Restraining Order [ECF 119].

IT IS SO ORDERED.

DATED this 28 day of January, 2022.

MICHAEL W. MOSMAN
United States District Judge

2 – OPINION AND ORDER